A. J. LENHART, Appellee, v. F. A. BEAN, Appellant.

PRINCIPAL AND AGENT: The Relation—Subagent Employed by
1  Agent—Liability of Principal—Evidence. · Evidence, consisting of conduct and conversations, reviewed, and, while indefinite, held to present a jury question whether a subagent employed by an agent was in fact the agent of the principal.

PRINCIPAL AND AGENT:     The Relation—Authority of Agent to
2  Employ Subagents—Evidence.   On the question whether an
agent had the authority to employ a subagent on behalf of the
principal, evidence that the property taken by the principal in
a deal negotiated by the subagent was conveyed by the principal
agent in trust for the principal, is material, as tending to show
that the authority of the agent was general, and not restricted.

TRIAL:     Instructions—Form, Requisites and Sufficiency—Broker's
3  Commissions.   Instructions on the subject of ratification by a
principal of the act of his agent in employing subagents on be-
half of the principal, reviewed, and held not to authorize the
subagent to recover if the principal, subsequent to the doing
of the work by the subagent, made a naked, unsupported promise
to pay the subagent for his services.

EVIDENCE:     Hearsay—Repeating Conversation.   Plaintiff, who
4  testifies that he told defendant of the promise which defendant's
agent made to him (plaintiff), may later be permitted to testify
that said agent did make said promise to him, without prej-
udicially violating the rule as to hearsay evidence.

*Appeal from Guthrie District Court.—J. H.* APPLEGATE,
Judge.

MONDAY, FEBRUARY 19, 1917.

REHEARING DENIED SATURDAY, SEPTEMBER 29, 1917.

ACTION at law for the recovery of a commission for the
sale of real estate.   There was a verdict for the plaintiff,
and the defendant appeals.—*Affirmed.*

*Einar Hoidale* and *Sullivan & Sullivan,* for appellant.

*Milligan & Moore,* for appellee.

EVANS, J.—1.  The plaintiff averred
1. PRINCIPAL AND   that he had procured for the defendant a
   AGENT: the
   relation: sub-   purchaser for 480 acres of Canada land
   agent em-
   ployed by   owned by the defendant, under an agree-
   agent: lia-
   bility of prin-   ment that he was to receive a commission
   cipal: evi-
   dence.   of $1 per acre.   The contract of agency with
the plaintiff was made by one C. E. Larson, of the Larson

Investment Company, an alleged agent of the defendant.
The defense was a general denial. It appears from the
evidence that the plaintiff was a real estate agent, located
at Guthrie Center, Iowa. The defendant was a resident of
Minneapolis, and was the owner of a large amount of Can-
ada land, which he had put upon the market through the
agency of Larson. Larson employed the plaintiff to pro-
cure purchasers at a commission of one dollar per acre.
Plaintiff's difficulty in the case was to prove authority in
Larson to employ an agent for Bean and upon the respon-
sibility of Bean. Was the plaintiff the agent of Bean, or
was he the agent only of Larson? Granting the general
authority of Larson to employ agents to assist him in sell-
ing Bean's land, it does not follow that such agents would
be the agents of Bean, in the absence of proof to that ef-
fect. It is entirely competent for a landowner to select his
own agent for the sale of land without becoming person-
ally responsible to other agents whom the first agent may
employ to assist him in carrying out his own undertaking.

There is no direct evidence in this case of the partic-
ular terms of the contract of agency between Larson and
Bean. The proof introduced by plaintiff to show that his
employment by Larson was authorized by Bean consists of
certain conduct of the parties, and of certain conversa-
tions had with Bean after the commission had been earned.
No testimony was offered on behalf of defendant, and the
case was therefore submitted on the testimony of the plain-
tiff alone. At the close of the evidence, the defendant
moved for a directed verdict on the ground of the insuffi-
ciency of the evidence; and after verdict, presented the
same ground in support of a motion for a new trial. This
is the principal question presented on appeal. From the
very nature of the case, the evidence is indefinite and in
some respects unsatisfactory. The purchaser found by the

plaintiff was one Pearce. The contract with him involved a trade whereby Pearce turned in an encumbered farm of 160 acres, situated in Guthrie County. This trade was made in the latter part of the year 1913. Because the consideration for the Canada land was represented in large part by the Pearce farm received in exchange, the plaintiff agreed to wait for his commission until the Pearce farm should be sold. Title to the Pearce farm was taken in the name of Larson. No sale was accomplished of the Pearce land until after a year or more. Such sale had been had, however, before the bringing of this suit. The plaintiff had been active in efforts to make a sale of the Pearce farm, but was not instrumental in the sale finally made. The principal evidence relied upon by the plaintiff in proof of the defendant's recognition of his agency consists of certain conversations had with the defendant at Des Moines in the year 1914, after the commission had been earned, the same being in the nature of admissions and a ratification on the part of the defendant. The most significant conversation was had in November or early December. The substance of such conversation, as testified to by the plaintiff, was that he had discussed with the defendant the subject of the sale of the Pearce land; that he told Bean that Larson had agreed to pay him a dollar an acre as commission for the sale thereof, in addition to the $480 that he was to receive for the sale of the Canada land; that Bean objected to the payment of a commission for the sale of the Pearce land, on the ground that this was a part of the consideration of the Canada land, and that it would amount to a double commission, whereas only one commission was contemplated; that he never authorized Larson to offer a commission for the sale of the Pearce land; that he raised no question as to the payment of the $480 commission which is the subject of this suit, and that he thereby impliedly ad-

mitted Larson's authority to promise it; that he thereupon said that, if plaintiff would sell the Pearce land at $96 per acre, he would pay a commission of $20 in addition to the $480. This conversation was recited a number of times in the course of plaintiff's examination, direct, cross, and re-direct, and some variation is found in the various repetitions which would subject it fairly to a searching analysis before the jury. It further appears that, immediately upon the return of the defendant to his home, he wrote the plaintiff a letter purporting to preserve such conversation. This letter was contradictory to the plaintiff's testimony in some material respects. The letter is in evidence, and is as follows:

"I now write you with reference to the conversation we had at the Randolph Hotel, and as I agreed, I will state in this letter the substance of the conversation we had. You said you had a claim against Larson on account of commission on the Canada land traded to Pearce. Now I agreed with you that, if you would sell the Guthrie County farm, taken in trade from Pearce at $90 per acre, I would pay you a commission of $500, and that, if you made the sale and I paid you this commission you would assign to me your claim against Larson on account of trading the Canada land to Pearce. Yours very truly, F. A. Bean."

The plaintiff received this letter and made no reply to it. This is a fact also which tends to weaken the testimony of the plaintiff concerning the conversation, and the defendant was entitled to make the most of it before the jury. The claim of the plaintiff is that the letter was a clear departure from the conversation had, and that it was manifestly intended to avoid the effect of such conversation. It is contended for the defendant that the letter is conclusive against the plaintiff. We think not. It is a mere recital of a past conversation. Its statements are not even supported by the testimony of the defendant. We think it was a fair

question for the jury as to the weight to be given to it.

Early in the year 1914, a conversation

2. PRINCIPAL AND AGENT: the relation: authority of agent to employ sub-agents: evidence. had been had at Des Moines. between Larson and Bean and Moore, as attorney for the plaintiff, concerning a commission in another case. The conversation had at this time, as testified to by Moore, might fairly be said to imply an admission of liability by Bean for that commission, either exclusively or jointly with Larson. Both of them then and there approved the commission, and it was paid by Larson. We think that the circumstance that the title to the Pearce land was taken in the name of Larson was one of some significance. There is sufficient testimony to show that Bean was the beneficial owner of the Pearce farm, and that the title was held by Larson in trust for him. Not that the evidence was conclusive in this regard, but it was sufficient to warrant the finding by the jury to that effect. This circumstance tended to show that the relations between Bean and Larson were close and confidential, and that the authority of Larson was of a more general nature than a merely restricted agency.

Unsatisfactory as the evidence is in some

3. TRIAL: instructions: form, requisites and sufficiency: broker's commissions. respects, it must be borne in mind that it is not ordinarily open to third parties to prove by direct evidence the exact extent of an agency as between the principal and agent, and that ordinarily the only proof available to third parties is that of the course of conduct of the alleged principal and agent. As bearing somewhat hereon, see *Fritz v. Chicago Grain & Elevator Co.*, 136 Iowa 699. We reach the conclusion that the trial court properly ruled that the evidence was sufficient to go to the jury.

2. The appellant assigns special error in the giving of Instruction No. 6, which is as follows:

"If you find from the evidence and under the law as given you by the court in these instructions, that said C. E. Larson was in fact the agent of the defendant, Bean, for the sale or exchange of Canada lands, then said Larson, under the law, would be authorized to employ subagents to assist him in making such sale or exchange. This fact, however, of itself, would not be sufficient to entitle the plaintiff, even though said Larson was the agent of the defendant, and even though plaintiff was employed by said Larson to furnish said Larson customers for the sale or exchange of Canada land, to recover against defendant a commission for so furnishing such customers. Before the plaintiff would be entitled to recover against the defendant any commission on account of having furnished a customer under a contract with said Larson, the burden is upon him to establish by the preponderance of the evidence not only that said Larson was the agent of the defendant, Bean, and that said Larson employed plaintiff to furnish customers for said Canada lands owned by the defendant Bean, and that he did in fact furnish customers to whom Canada lands belonging to defendant were traded or exchanged for Guthrie County lands owned by William Pearce, but he must further show that the contract or agreement between himself and said Larson was in substance and to the effect that the defendant, Bean, and not Larson, should pay such commission to plaintiff, *or that, after the transaction had been completed, the defendant was advised of such transaction, and that he thereby ratified or agreed to pay such commission.* It is further incumbent upon plaintiff to show by the preponderance of the evidence, or from all of the facts and circumstances disclosed by the proof, that the said Larson not only was agent for the sale of Canada lands belonging to the defendant, but that he also was authorized by the defendant to employ subagents for the defendant himself, and to whom the defendant would be liable for commissions

earned under contracts made with such subagents. To the
end that you may understand the statements made by the
court with reference to an agent having authority to em-
ploy a subagent to assist in making sale or exchange of
lands, this would not necessarily, without more, carry with
it implied authority to bind the principal to pay commission
to such subagent. The law is that, where a party is em-
ployed as an agent to sell or exchange real estate, that he
may employ a subagent to assist him in making such sale,
but there would be no implied authority to render the prin-
cipal liable for commission to such subagent; and without
any showing to the contrary, the subagent would be re-
quired to look to the agent for his commission, and before
the subagent can recover against a principal for commis-
sions claimed to have been earned in making sale or ex-
change of lands, it is incumbent upon such subagent to
show, by the facts and circumstances disclosed by the proof,
that such agent had authority, not only to employ a sub-
agent such as is implied by law, but that he was authorized
by the principal himself to bind the principal to pay the
subagent the commission for the services rendered by him
in making sale or exchange of lands, *or else that, after hav-
ing made such sale or exchange, the principal agreed to pay
such subagent the commission for his services."*

The particular objection is to the last clause of the in-
struction, which we have italicized. We have italicized
also a similar clause included earlier in the same instruc-
tion. The particular complaint is that the effect of this
clause was to permit the plaintiff to recover as upon a prom-
ise to pay. It is urged that this would be a new promise
and a promise without consideration, and that the action
was not founded upon such promise, and that the only
promise shown by the evidence was a conditional one, and
that the condition was not performed. We think the ar-

gument enlarges upon the instruction. It is conceded by appellant that in all other respects the instruction correctly states the law. Reading the clause complained of in connection with the entire instruction, it amounts only to a repetition of the previous clause which we have italicized, and bears only on the question of ratification. If the jury should find it to be true that the defendant, after being advised of the arrangement between plaintiff and Larson, promised to pay the same, it would be good as a ratification of what had been previously done by his agent, and not as an independent new promise. We think the defendant has no ground of complaint at this point. The same objection is urged by appellant to a similar clause in Instruction No. 7. For the same reason, this point also must be overruled.

3. The appellant specifies two rulings upon the introduction of evidence and makes complaint thereof. The first relates to the following question and answer in the testimony of the plaintiff, Lenhart:

4. EVIDENCE:
hearsay: repeating conversation.

"Q. You may state what was said, if anything was said, about your selling the Pearce farm. A. Mr. Larson said, if I would sell the Pearce farm for $96 per acre, he would give me $1 per acre on the Pearce farm in addition to the $480 on the Canada land deal."

The objection to this was that it was incompetent, irrelevant, immaterial and hearsay, and that no foundation had been laid for it. At the time this testimony was offered, the witness had already testified concerning his conversation with the defendant, Bean, and that he had told Bean that Larson had made this very promise to him. Under these circumstances, the testimony was proper. Appellant specifies one other question which was put to the plaintiff as a witness, and to which an objection was made.

We need not set out the question, for the simple reason that it does not appear from the record that it was ever answered.

No other specific objections to the testimony are presented for our consideration. We find no error in the record, and the judgment is therefore—*Affirmed*.

GAYNOR, C. J., LADD and SALINGER, JJ., concur.