(75 South. 182)

WHITE TRUNK & BAG CO. v. BRANTLEY et al. (1 Div. 223.)

(Court of Appeals of Alabama. April 17, 1917. Rehearing Denied May 15, 1917.)

1. EVIDENCE ☞378(1) — COMPETENCY—COPY OF LETTER.

A copy of a letter, purporting to have been written by defendant, by which it is sought to show his connection with a certain firm, is not competent unless defendant wrote or authorized the letter.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1648, 1655.]

2. EVIDENCE ☞317(2)—COMPETENCY—STATEMENT OF THIRD PERSON.

Statement of a third person relative to a letter purporting to have been written by defendant, and by which it is sought to show defendant's connection with a firm, is not competent unless made in defendant's presence and not disputed by him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1175, 1192.]

3. APPEAL AND ERROR ☞882(12) — INVITED ERROR.

Plaintiff cannot complain of the consequences of an instruction recited by the record to have been given at his request, that the jury, if they believe the evidence, must find for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3602.]

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Action by the White Trunk & Bag Company against George L. Brantley and M. E. Brantley, individually, and as copartners doing business under the firm name of Brantley Mercantile Company, in assumpsit. Judgment for defendants, and plaintiff appeals. Affirmed.

M. E. Brantley set up the fact that he was not a member of the firm and has never been a member of the firm of the Brantley Mercantile Company at any time. Plaintiff replied that he held himself out as a member of the firm, whereby plaintiff contracted with him on the strength thereof. The letter referred to was a letter said to have been received from M. E. Brantley relative to his connection with the firm, and alleged to be

an answer to a letter written him concerning his connection with the firm, but not to plaintiff in this case. There was no testimony offered to show that it was signed by M. E. Brantley, and the original seems to have been lost, and a copy only was offered, with proof offered to show the loss of the original. Witness M. E. Brantley testified that he was not a member of the firm, and had never been, that he did not write the letter, did not authorize any one to write it for him, and was not present when it was written, if it was written.

S. C. Jenkins, of Bay Minette, for appellant. Frank S. Stone, of Bay Minette, for appellees.

BROWN, P. J. [1, 2] The copy of the letter offered by the plaintiff purporting to have been signed by M. E. Brantley was not competent evidence, unless the defendant M. E. Brantley wrote the letter or authorized it to be written; and any statement by George Brantley with reference to the letter was likewise incompetent, unless such statement was made in the presence of M. E. Brantley and not disputed by him. Rowlan v. State, 14 Ala. App. 17, 70 South. 953.

[3] The record recites that:

"Plaintiff asked the court in writing to give the following charge: 'The court charges the jury that if they believe the evidence they must find for defendant.' The court wrote upon it given and signed the same."

The appellant, having invoked this action of the court, is estopped to complain of the results flowing therefrom. Day v. State (Sup.) 74 South. 352;[1] Tygh v. Dolan, 95 Ala. 271, 10 South. 837; L. & N. R. R. Co. v. Holland, 173 Ala. 675, 55 South. 1001; Travis v. Sheffield S. & I. Co., 162 Ala. 605, 50 South. 1083.

Affirmed.