(84 South. 856)

### HART v. STATE. (4 Div. 580.)

(Court of Appeals of Alabama. Feb. 10, 1920.)

1. LARCENY ☞68(2) — EVIDENCE SUFFICIENT TO MAKE INTENT A JURY QUESTION.

In a prosecution for larceny of a hog, whether defendant's taking of the hog was with felonious intent *held* for the jury.

2. CRIMINAL LAW ☞413(1) — SELF-SERVING DECLARATIONS INADMISSIBLE.

In a prosecution for larceny of a hog, it was not competent for defendant to prove a statement made by him to a third person regarding the hog alleged to have been stolen, since a defendant cannot make evidence for himself.

3. CRIMINAL LAW ☞419, 420(10)—EVIDENCE INADMISSIBLE AS HEARSAY.

In a prosecution for larceny of a hog, where defendant testified that his nephew knew a hog, which defendant had lost, and he sent him to a certain place to see if a hog there belonged to him, court properly sustained objection to question asked by his counsel, "What did your nephew report to you?" being hearsay.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Oscar Hart was convicted of larceny of a hog, and he appeals. Affirmed.

There were two counts in the indictment; the first alleging the property to be the property of H. H. Hovey, and the second alleging the hog to be the property of H. D. Hovey. The defendant asked the affirmative charge as to the first count. The evidence for the state tended to show that H. D. Hovey had a Poland China boar, which twice escaped from his pasture some time in January, the last time not returning; that in making a search for him he found a hog answering that description had been taken up by one McKensie at the request of the defendant, and that defendant had come in the daytime, gotten the hog from McKensie's lot, and carried it to his own lot. Hovey was told this by McKensie, and he testified that when he got to the defendant's place he found some blood, the part of an ear of a hog, and part of the tail of a hog. He testified, further, that the defendant had told him that he had turned the hog out, and also that he would agree to see that the hog was paid for; that he did not have the money then, but would send Mr. McGilvary to pay for the hog. The defendant did not come to see Hovey, but McGilvary did. McGilvary and Hovey were not able to agree as to the price, and the hog was not paid for. It seems from the evidence that defendant had a hog of very similar description, which was also lost. In the examination of the defendant, he said that his nephew knew his hog, and he sent him down to McKensie's to see if the hog belonged to him, whereupon his counsel asked him, "What did your nephew report to you?" Objection was sustained. Then defendant propounded the further question, "The man that made the report?"

McDowell & McDowell, of Eufaula, for appellant.

The evidence did not justify a conviction. 7 Ala. App. 144, 62 South. 270; 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; 16 Ala. App. 78, 75 South. 626.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

SAMFORD, J. [1] The evidence for the state was sufficient to make the question of a felonious taking one for the jury, and hence the general charge, as requested by defendant, was properly refused.

[2] There is no principle of law better settled than that a defendant cannot by his declarations, make evidence for himself, and hence it was not competent for defendant to prove what defendant told McKensie, his employer, some time in February, regarding the hog alleged to have been stolen.

[3] The questions propounded to defendant, while he was testifying as a witness, to which objections were made by the state and sustained by the court, called for hearsay testimony, and the rulings were proper.

There is no error in the record, and the judgment is affirmed.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes