(87 South. 825)

HINES, Director General of Railroads, v. DOLLAR. (6 Div. 31.)

(Supreme Court of Alabama. Feb. 10, 1921.)

1. Master and servant ⟨Key⟩258(11)—Complaint held not to sufficiently specify failure to supply safe tools.

A servant's complaint for injury from a heavy jack falling on his foot which did not allege that the jack was the tool provided for doing the work, or that it was not reasonably safe and suitable for the purpose for which it was used, nor that it was the only tool provided for or used in doing the work, though alleging the injury was the proximate result of the master's negligent failure to provide reasonably safe and suitable appliances, was lacking in reasonable certainty in specification of failure to supply reasonably safe and suitable tools.

2. Appeal and error ⟨Key⟩1039(4) — Failure to specify master's failure to provide safe tools held cured by trial on that issue.

That a servant's complaint did not sufficiently specify the master's negligence in failing to provide safe tools was not ground for reversal where the direct issue presented on the trial and submitted under appropriate instructions was the safety of the device which injured plaintiff and the result of the trial was not affected by the ruling sustaining the complaint.

3. Master and servant ⟨Key⟩286(4)—Negligence in furnishing tools held for jury.

Where there was testimony from which the jury could infer that the device which injured plaintiff was furnished by the master, and from which they could find it not safe or suitable, and also testimony tending to show there were other tools which were reasonably safe for the purpose, the master's care in furnishing appliances was for the jury.

4. Master and servant ⟨Key⟩270(11) — Evidence of device used in other shops admissible.

Where a servant was injured by a heavy "jack" falling on his foot, evidence tending

to show that another tool called a "dog" was known and used in such work in well-regulated shops and was reasonably safe and suitable was admissible.

**5. Master and servant ⚓294(3)—Instructions on fellow servant's negligence as cause of injury held consistent.**

Instructions exonerating the master if the negligence of plaintiff's coworker was the sole efficient cause were not inconsistent with instructions permitting plaintiff to recover though the negligence of the coworker proximately contributed to the injury; the rule being that, "if the defendant's wrongful act is one of two or more concurrent efficient causes, other than the plaintiff's fault, which co-operate to produce the injury, this * * * is all that is requisite to fasten a liability on him."

**6. Master and servant ⚓287(5)—Negligence of fellow servant as sole or contributing cause held for jury.**

Whether or not the mode of using a jack as practiced by plaintiff's coworker was negligent, and, if so, whether or not that negligence was the sole efficient cause of the injury in a juridical sense, rather than merely a concurrent contributing cause, *held* questions of fact which, under the evidence, could not properly be withdrawn from the jury.

**7. Railroads ⚓5½, New, vol. 6A. Key-No. Series—Suit against Director General as operating corporation held merely technical defect.**

That a suit is against the Director General operating a named corporation instead of its railroad is a mere technical and insignificant inaccuracy.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by Thomas L. Dollar against Walker D. Hines, as Director General of Railroads, operating the Alabama Great Southern Railway Company, for damages for personal injuries received while in its employment. Judgment for the plaintiff, and defendant appeals. Affirmed.

The complaint charges that the plaintiff was a servant of the defendant, and that while performing the services for which he was employed—that is, in repairing an engine tank—a heavy "jack" which was being used at the time by his coworker, one Nations, fell upon his foot, causing severe injuries thereto. The concluding allegation is:

"That all his injuries and damages were proximately caused by the negligence of defendant, which negligence consisted in this, the defendant negligently to provide reasonably safe and suitable tools and appliances with which to perform said work."

Among the grounds of demurrer were the following:

(1) Failure to show that the "jack" referred to was itself unsafe and unsuitable for the work.

(2) What tools or kind of tools were unsuitable for plaintiff to use in performance of his work, and,

(3) That providing unsafe and unsuitable tools, as alleged, was the proximate cause of the injury.

The demurrers were overruled, and the case was tried on pleas of the general issue and contributory negligence. In charge 19 given for the defendant the jury were instructed that defendant was not liable for the negligence of plaintiff's fellow servant, Nations, and, if they found that the accident was produced by the negligence or carelessness of the said Nations, the verdict should be for the defendant. In charge 13 the same instruction was given on the same predicate; that is, if the injury was the proximate result of Nations' negligence. At plaintiff's request, the jury were instructed that, if the jury believed that Nations was guilty of negligence, proximately contributing to plaintiff's injury, this would not necessarily bar recovery by plaintiff, and that plaintiff should recover if defendant was negligent as charged, and such negligence of the defendant proximately caused injury to the plaintiff. Defendant's motion for a new trial was overruled.

A. G. & S. P. Smith, of Birmingham, for appellant.

Counsel discuss the demurrers to the complaint, but without citation of authority. Court erred in admitting the evidence of Dollar. 193 Ala. 648, 69 South. 108; 186 Ala. 181, 65 South. 28. The charge given for plaintiff was error. 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179; 125 Ala. 553, 28 South. 14; 106 Ala. 254, 17 South. 517; 10 Wall. 178, 19 L. Ed. 909; 23 Ohio St. 532, 13 Am. Rep. 264; 20 Pa. 171, 57 Am. Dec. 695. The defendant was due the affirmative charge. 42 Ala. 672; 67 Ala. 13; 78 Ala. 494; 91 Ala. 487, 8 South. 552; 98 Ala. 150, 12 South. 168; 98 Ala. 570, 14 South. 619; 97 Ala. 171, 11 South. 897; 97 Ala. 147, 12 South. 574; 95 Ala. 397, 11 South. 341; 161 Ala. 351, 49 South. 453.

Burgin & Jenkins, of Birmingham, for appellee.

No brief came to the Reporter.

SOMERVILLE, J. [1] The complaint in this case does not allege that the "jack" which fell upon plaintiff's foot was the tool provided for doing the work in hand, or that it was not reasonably safe and suitable for the purpose for which it was then being used, nor that it was the only tool provided for or used in doing the work. The allegation that the injury thus suffered was the proximate result of defendant's negligent failure "to provide reasonably safe and suitable tools

and appliances with which to perform said work" may possibly imply that the jack was itself not safe and suitable, but the allegation may as well be referred to other tools and appliances which were being used in the same work, or which should have been supplied therefor, coordinate with or auxiliary to the jack.

We think the complaint is lacking in that reasonable certainty in the specification of defendant's failure to supply reasonably safe and suitable tools which the rules of pleading require, and that the demurrer, as to its apt grounds, should have been sustained. L. & N. R. v. Jones, 130 Ala. 456, 471, 30 South. 586.

[2] It is clear, however, that the direct issue presented on the trial and submitted to the jury under appropriate instructions was the safety and suitability of the jack which fell upon plaintiff for the purpose for which it was being used, and that the result of the trial was not affected in any way by the court's erroneous ruling upon the demurrer. Under our repeated decisions in such cases, the error complained of cannot work a reversal of the judgment. Pratt, etc., Coal Co. v. Vintson, 85 South. 502;[1] Best Park, etc., Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 South. 75.

[3] There is testimony in the record from which the jury could infer that the jack in question was furnished by the defendant for the doing of this particular work, and from which they could find that it was not a safe and suitable tool for the purpose intended.

There is also testimony from which the jury could find that there were other tools which were reasonably suitable and safe for such use. Under these phases of the testimony it was for the jury to determine whether or not the defendant had exercised reasonable care in furnishing reasonably safe and suitable tools for the use of employees in doing the work in hand.

[4] The trial court properly admitted testimony tending to show that another tool called a "dog" was known and used in such work in well-regulated shops, and was reasonably safe and suitable therefor, since the existence, use, and availability of such a tool was relevant to the issue of defendant's negligence vel non in failing to supply such a tool instead of the heavy jack.

It is true that the evidence showed that there were in the shop two light jacks, known as "track jacks" or "jack levers," which were available for use at the time and for the work in question; but they were pronounced unsafe and unsuitable for such work, not only by one of plaintiff's witnesses, but also by defendant's foreman, who testified that he did not think the light jacks could have been safely used.

[5] Charges 13 and 19, given for defendant, correctly negatived any liability on the part of defendant if the jury should find that the negligence of plaintiff's coworker, Nations, was the cause of the injury; that is, as the language must be interpreted to mean, the sole efficient cause. Thus properly and reasonably understood, those charges were not inconsistent with the charge given at the instance of plaintiff, viz. that plaintiff's right of recovery would not necessarily be barred by the fact that Nations' negligence proximately contributed to the injury. The rule is that—

"If the defendant's wrongful act is one of two or more concurrent efficient causes, other than the plaintiff's fault, which co-operate to produce the injury, this * * * is all that is requisite to fasten a liability on him." Western Ry. of Ala. v. Sistrunk, 85 Ala. 352, 5 South. 79; Home Tel. Co. v. Fields, 150 Ala. 306, 43 South. 711.

[6] Whether or not the mode of using the jack as practiced by Nations was negligent, and, if so, whether or not that negligence was the sole efficient cause of the injury in a juridical sense, rather than merely a concurrent contributing cause, were questions of fact which, under the evidence, could not properly be withdrawn from the jury.

The evidence tended to show that defendant was confined to his room for four months, and was rendered permanently flat-footed because of a broken arch, and, further, that his earning power was reduced from $150 to $50 a month. From these showings the jury could reasonably deduce the amount of damages awarded by their verdict.

[7] The suit is against the Director General of Railroads, "operating the Alabama Great Southern Railroad Company." Of course the Director General was operating the railroad, and not the corporation, but the inaccuracy noted is technical merely, and cannot be accorded any significance or effect in the trial and determination of the cause.

We do not find any material error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.