**BIRMINGHAM IRON & DEVELOPMENT CO. v. HOOD. (6 Div. 999.)**

(Court of Appeals of Alabama. April 18, 1922. Rehearing Denied May 16, 1922.)

**I. Parties 59(4)—No change by amendment of caption changing words after name.**

There is not an entire change of parties by amendment of complaint and summons striking out from after defendant's name the words "a partnership," etc., and substituting the words "a corporation."

**2. Appeal and error 1040(10)—No reversal for overruling demurrer to defective complaint, in view of charge and evidence.**

Judgment will not be reversed for overruling demurrer to complaint, not so defective that judgment thereon would be arrested on motion, the charge clearly stating and defining the issues as a result of an alleged breach of contract, and evidence tending to prove the contentions of both parties being admitted, so that the whole case was presented to the jury.

**3. Landlord and tenant 48(2)—Damages for breach of agreement to heat stated.**

For breach of lessor's contract to heat the leased dwelling, recovery of damages is properly limited to physical injury to tenant and her immediate family; special damages not being otherwise pleaded and proved.

**4. Trial 260(1)—Instruction covered by charge given properly refused.**

A requested instruction, being amply covered by the oral charge and other requested instructions, of the party given, is properly refused.

**5. Trial 121(2)—Statement of counsel held legitimate argument.**

Statement of plaintiff's counsel in action by tenant for landlord's breach of contract to heat, "After she [plaintiff] had worked and slaved all day long, she had to sit in a cold room, and perhaps her emaciated, frail condition was caused by having to sit in a cold room," held to be within the bounds of legitimate argument.

Appeal from Circuit Court, Jefferson County; Lum Duke, Judge.

Action by Mrs. David Hood against the Birmingham Iron & Development Company. Judgment for plaintiff, and defendant appeals. Affirmed. Certiorari denied, Ex parte Birmingham Iron & Development Company, 208 Ala. 486, 94 South. 837.

The plaintiff and defendant entered into a lease contract whereby the former rented from the latter one of four apartments in a brick building in the city of Birmingham for a period of eight months beginning August 1, 1919, and ending April 1, 1920. This stipulation, among others not here important, appeared in the contract: "Steam heat and water furnished."

On January 16, 1920, the plaintiff filed her complaint against "Birmingham Iron & De-

`velopment Company, a partnership composed of M. R. McNeill and G. R. McNeill, M. R. McNeill, G. R. McNeill," claiming damages for the breach of the contract by the defendant.

On March 5, 1920, plaintiff amended her complaint. By striking therefrom in the caption thereof the words "partnership composed of M. R. McNeill and G. R. McNeill, M. R. McNeill, G. R. McNeill" wherever said words appear together therein, and substituting therefor the words "a corporation." The trial court allowed the amendment and ordered alias summons issued to "Birmingham Iron & Development Company, a corporation." To this amendment the defendant objected, as stated in the opinion of the court.

The single count upon which the cause was tried is as follows:

"The plaintiff claims of the defendant the sum of $5,000 damages for that heretofore, on, to wit, August 1, 1919, the defendant let and leased to the plaintiff certain premises in Birmingham, Ala., known as 1609½ Twelfth Avenue South for a term of, to wit, one year, for use and occupancy by her and her family as a residence, and in said lease and as a part thereof the defendant agreed to furnish a reasonable amount of steam heat at all reasonable times and hours, and plaintiff alleges that defendant failed to furnish a reasonable amount of steam heat at all reasonable times and hours, the plaintiff performed all the covenants on her part, and as a proximate consequence thereof plaintiff suffered great physical annoyance and inconvenience, was put to great trouble in and about supplying heat, suffered greatly from cold and was made sick, and she was compelled to go to great trouble in caring for members of her family who became sick on account of the failure to furnish heat as alleged."

Defendant demurred to the complaint as follows:

"(1) Said complaint fails to state a cause of action.

"(2) No consideration for the alleged covenant is averred or shown.

"(3) Said complaint fails to aver or show when said alleged breach occurred.

"(4) Because it does not appear with sufficient certainty when or wherein defendant breached said contract.

"(5) The alleged agreement or contract is not set out or sufficiently described.

"(6) The averment that defendant failed to furnish a reasonable amount of steam heat at all times and hours is a conclusion of the pleader merely.

"(7) The alleged breach of said contract is not sufficiently shown or alleged.

"(8) Said complaint fails to show that defendant had knowledge of the lack of reasonable amount of steam heat for said premises and failed within a reasonable time after acquiring such knowledge to furnish such steam heat.

"(9) For aught that appears from said complaint, plaintiff suffered said alleged damages subsequent to the filing of the original complaint in this cause.

"(10) Because the damages claimed are not shown to be such as a matter of law are recoverable for a breach of the contract alleged.

"(11) Said complaint fails to show that defendant failed to furnish such reasonable amount of steam heat for said premises within a reasonable time after acquiring knowledge of the lack of a reasonable amount of steam heat for said premises.

"(12) Said complaint fails to aver or show that plaintiff demanded that defendant furnish such reasonable amount of steam heat for said premises, and that defendant failed to furnish such steam heat within a reasonable time after such demand."

The trial court sustained grounds 8, 11, and 12 of the demurrers, whereupon plaintiff amended her complaint by adding the following:

"Plaintiff alleges that she gave notice to the defendant of such failure and the failure complained of occurred after an expiration of a reasonable time after such notice."

In argument to the jury counsel for plaintiff made this statement, defendant's motion to exclude which was overruled by the trial court:

"After she [plaintiff] had worked and slaved all day long she had to sit up in a cold room and perhaps her emaciated, frail condition, was caused by having to sit in a cold room."

There was verdict for plaintiff for $250 and judgment thereon, from which the defendant appeals.

Rudulph & Smith, of Birmingham, for appellant.

The amendment to the complaint worked a complete change of parties defendant and a dismissal of the action; it not being shown that the Birmingham Iron & Development Company, a corporation, was the same entity originally sued. 134 Ala. 568, 33 South. 343; 57 Ala. 168; 98 Ala. 375; 131 Ala. 411. Pleadings are intended to form the foundation of the proof to be submitted, and should advise the parties to an action what the opposite party relies upon. 31 Cyc. 43; 6 Ency. Pl. & Pr. 248; 19 Ala. 626; 79 Ala. 91; 151 Ala. 333, 44 South. 46; 49 Ala. 218; 139 Ala. 161, 34 South. 389; 67 Ala. 560; 12 Ala. 567; 169 Ala. 278, 52 South. 929, 28 L. R. A. (N. S.) 1106; 129 Ala. 540, 29 South. 961. The portion of the argument of plaintiff's counsel to which objection was made should have been excluded. 74 Ala. 386; 75 Ala. 466; 91 Ala. 548, 8 South. 360; 137 Ala. 207, 33 South. 863; 127 Ala. 592, 29 South. 16; 147 Ala. 50, 41 South. 727; 148 Ala. 560, 42 South. 862; 104 Ala. 472, 16 South. 538; 151 Ala. 80, 44 South. 398. The doctrine of error without injury is not applicable to this case. 206 Ala. 394, 90 South. 340. In a suit for the breach of a contract, not shown to be in writing and executed by the defendant, a consideration

for such contract must be averred. 4 Ency. Pl. & Pr. 928; 7 Mayf. Dig. 714; 134 Ala. 269, 32 South. 722; 144 Ala. 587, 39 South. 91; 14 Ala. App. 295, 70 South. 12; 17 Ala. App. 159, 82 South. 649. In actions ex contractu the plaintiff is limited to a just compensation for his actual loss. 41 Ala. 678; 71 Ala. 429, 46 Am. Rep. 326; 75 Ala. 168, 51 Am. Rep. 435.

Nesbit & Sadler and Arlie Barber, all of Birmingham, for appellee.

The insistence that the amendment to the complaint worked a change of parties is decided adversely to appellant in 137 Ala. 578, 35 South. 126. The breach assigned is identical with the covenant, and that is the requirement of good pleading. 2 Ala. App. 292, 56 South. 746; 2 Ala. App. 604, 56 South. 767; 205 Ala. 330, 87 South. 825. There was no dispute about the agreement to pay rent, and, having been properly stated to the jury, the court will not reverse, though there had been a failure to aver consideration. 192 Ala. 534, 68 South. 417; 205 Ala. 330, 87 South. 825. Protection from cold was the object of the agreement to furnish steam heat, and plaintiff had a right to recover for physical suffering. 201 Ala. 345, 78 South. 201, L. R. A. 1918E, 213; 68 Ala. 66, 44 Am. Rep. 134; 114 Minn. 393, 131 N. W. 466.

SAMFORD, J. [1] Appellant first assigns as error the action of the trial court in permitting plaintiff, over the proper motion of defendant, to amend the summons by striking out after the name "Birmingham Iron & Development Company" the words "a partnership composed of M. R. McNeill & G. R. McNeill, M. R. McNeill, and G. R. McNeill," and adding in lieu thereof "a corporation"; the insistence here being made that the action of the court permitted an entire change of parties defendant. This proposition is decided adversely to appellant's contention. Lewis Lumber Co. v. Camody, 137 Ala. 578, 35 South. 126; Head v. J. M. Robinson, Norton & Co., 191 Ala. 352, 67 South. 976.

[2] Admitting that count A as amended is subject to some of the grounds of demurrer filed, which, not being necessary, we do not decide, the direct issue presented to the jury under appropriate instructions was the breach of the contract of lease, to furnish to plaintiff during the term steam heat sufficient for the comfort and well-being of plaintiff and her family, and the result of the trial was not affected by the rulings of the court on demurrer. Whatever may have been the rule before, since the case of Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 South. 417; Ann. Cas. 1917D, 929, it is now declared generally that:

"If a complaint, not so fatally defective that a judgment based thereon would be arrested on motion, or a plea in a civil cause be defective for the reason that a necessary allegation is omitted, and a demurrer pointing out this defect has been improperly overruled, the judgment following will not be reversed on this account if the entire record discloses that the trial court by an appropriate charge instructed the jury specifically as to the necessity of proving the omitted allegation, and the record further shows that this omitted allegation was proved and considered." Jackson v. Vaughn, 204 Ala. 543, 86 South. 469; Hines, etc., v. Dollar, 205 Ala. 330, 87 South. 825.

In the instant case the court, in his oral charge, clearly stated and defined the issues between the parties as a result of the alleged breach of the contract, and evidence was admitted tending to prove the contentions both of the plaintiff and defendant, thereby presenting the whole case to the jury, despite the overruled demurrer. In the later case of Ex parte First National Bank of Montgomery, 206 Ala. 394, 90 South. 340, the Supreme Court seems to have gotten away from the foregoing rule, while reaffirming the opinions in the cases above cited. The writer confesses an inability to see the distinction, unless one rule is to apply to suits against banks, and the other to all other cases. At any rate it seems to us that the instant case is controlled by the cases cited above.

[3] The court, in its general charge, in defining the issues between the parties, instructed the jury that, if the plaintiff was entitled to recover at all, it was only for physical injury to herself and her immediate family, growing out of a breach of the contract. No special damages having been otherwise pleaded and proved, this was a correct statement of the law. Hart v. Coleman, 201 Ala. 345, 78 South. 201, L. R. A. 1918E, 213. The measure of damages for the personal injury would of necessity be the same in an action ex contractu as ex delicto. If the question was open, we might find it necessary to enter into a discussion of the various cases touching the subject, but, as we see it, such discussion is precluded and rendered unnecessary by the decision in Hart v. Coleman, supra.

The rulings of the court on the admissibility of evidence were without prejudicial error. By its rulings at the time of admission and by the court's oral charge, the testimony was expressly limited within the issues involved in the case.

[4] The oral charge of the court, together with the written charges given at the request of defendant, cover every phase of the law of this case, and therefore the charges refused to defendant were either properly refused or were amply covered by the other given charges.

[5] The excerpt from the argument of plaintiff counsel to which exception was reserved was within the bounds of legitimate argument.

The damages awarded were compensatory, and under the facts we cannot say they were excessive.

We find no error in the record, and the judgment is affirmed.

Affirmed.