## PRICE v. STATE.   (1 Div. 469.)

(Court of Appeals of Alabama.   Jan. 9, 1923.)

1. Larceny ⬦68(1)—Whether corpus delicti was proven held for jury.

Whether the corpus delicti, in a prosecution for grand larceny by stealing horses, was established, *held* for the jury.

2. Larceny ⬦43—Proof of search for stolen horses held competent to prove corpus delicti.

In a prosecution for grand larceny by stealing horses, proof of a search in the owner's barn, lot, farm and neighborhood after discovery of the loss was competent as tending to prove the corpus delicti.

3. Criminal law ⬦653—Presence of both defendants properly required for identification.

In a prosecution of two brothers jointly indicted for grand larceny, where it was claimed that they left the county together, the court properly required both to be in court for identification by parties testifying to seeing them in joint possession of the stolen property in other states.

4. Criminal law ⬦1170(1)—Refusal to require witness to point out dates on calendar held harmless.

Error, if any, in refusing to require a witness to point out dates on a calendar, which he admitted he did not understand, was harmless.

5. Criminal law ⬦1169(1) — Proof that defendant's counsel asked witness to point out defendant before trial held not reversible error.

Permitting the state to prove that defendant's counsel before trial asked a witness to point out defendant from among a group of men, which he did, *held* not reversible error.

6. Criminal law ⬦829(1)—Requested charge, substantially covered by charge given, properly refused.

A requested charge, substantially covered in a written charge given at the request of the party asking it, was properly refused.

7. Criminal law ⬦1092(7)—Questions presented by bill of exceptions not presented within 90 days not considered.

The appellate court cannot pass on questions presented in a bill of exceptions not presented within 90 days.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Jesse Price was convicted of grand larceny, and he appeals. Affirmed.

Granade & Granade, of Chatom, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. On or about February 13 or 14, 1914, Mr. Carr lost two horses from his farm in Washington county. About February 15, 1914, this defendant and his brother, who is jointly indicted, was seen by Pat James in Green county, Miss., a point between the Carr place and the point where the horses were afterwards located and recovered. The two Price brothers ate supper with James, and pretended to be traveling on foot to Arkansas. They were at James three-fourths of an hour, it being after night, went out, and in about five minutes thereafter men

came from the direction they had gone, riding horseback and passing James' house. The next morning James discovered where horses had been tied near his house. On the first Sunday in March, 1914, defendant traded one of the Carr horses to Charlie Webb in Transylvania, La., and on the first Monday in March, 1914, the other Carr horse was traded to Joe Parson at or near Lake Providence, La., both the defendant and his brother being present at both transactions. Both horses were identified and recovered, and both defendant and his brother were identified as being the parties in possession of the horses, although at that time they were going under the assumed name of Brown. Shortly after the horses were stolen defendant's brother Sterling went to Arkansas, where defendant and his other brother jointly indicted were, and informed them of the charge being made against both of them of horse stealing. From then on for several years defendant and his codefendant brother, wandered over the states of Texas, Arkansas, Missouri, Kentucky, Alabama, and Florida, until defendant was finally arrested in Baldwin county, Ala., in March, 1921. The foregoing were the tendencies of the evidence for the state, some by unquestioned proof and the other by facts from which a jury could reasonably draw the foregoing conclusions. The defendant denied the material facts of guilt, and sought to prove an alibi.

Many exceptions to the rulings of the court on the admissibility of evidence were reserved, not necessary to consider, as being without merit or not being injurious to defendant.

[1] All of those objections based upon the theory that the corpus delicti was not proven were properly overruled, as it was clearly a question for the jury from the whole evidence as to say whether that fact had been established, and we apprehend they found no difficulty in reaching such conclusion.

[2] That when it was known that Carr had lost his horses, a search was made in his barn, lot, farm, and neighborhood, was competent as tending to prove the corpus delicti.

[3] The defendant's brother being jointly indicted, and it being claimed that they left the county together, it was proper for the court to require both brothers to be in court for purposes of identification by parties who were testifying to seeing them in joint possession of the horses in Mississippi and Louisiana.

[4] The error of the court in refusing to require the witness James to point out the dates on a calendar while he was being cross-examined by defendant's counsel was, if error, rendered harmless by the witness admitting he did not understand the calendar.

[5] That the state was permitted to prove that defendant's counsel had, prior to the trial, asked witness to point out defendant from among a group of men, and he did so, could not be taken as reversible error.

[6] Charge B was properly refused. This charge was substantially covered in a written charge given at the request of defendant numbered.

We find no error in the record, and the judgment is affirmed.

[7] Since writing the above our attention is called to the fact that the bill of exceptions was not presented within 90 days, as required by law, and hence this court is without jurisdiction to pass upon questions therein presented. Price v. State (1 Div. 468), ante, p. 61, 94 South. 785.

MERRITT, J., not sitting.