146 So. 625

## AMERICAN STANDARD LIFE INS. CO. v. TOLLIVER.

### 6 Div. 357.

Court of Appeals of Alabama.
March 7, 1933.

G. M. Edmonds, of Birmingham, for appellee.

Locke & Creel and Frederick V. Wells, all of Birmingham, for appellant.

SAMFORD, Judge.

The complaint was in two counts, claiming in each amounts due on a policy of insurance issued by Birmingham National Life. Insurance Company, the liability under which being assumed by this defendant.

There were demurrers to the complaint, but, as we see the record, there is no necessity for us to pass upon the demurrers further than to say that each count stated a cause of action against this defendant and the trial court by its rulings, and its charges presented the true issues to the jury and required a finding of any matter omitted in the complaint as a condition to recovery. This being the state of the record, no prejudice results from any error there might have been in overruling the demurrer. Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665;

Central of Ga. Ry. Co. v. Purifoy, 226 Ala. 58, 145 So. 321.

The policies declared on were issued by Birmingham National Life Insurance Company, a corporation. Stamped on the policy with a rubber stamp was a statement that: "The Mutual Savings Life Ins. Co. of Decatur, Ala., assumes all liability on this policy on and after July 1, 1930," and there was evidence tending to prove that after July 1, 1930, the Mutual Savings Life Insurance Company continued to collect the monthly premiums, through its agent, a man by the name of Card. The "receipt card" issued to insured by the Birmingham National, and continued by the Mutual Savings, and by plaintiff introduced in evidence discloses that the last payment received by the company was December 16, 1930, prior to the death of insured on January 14, 1931. The policy provides for a forfeiture if at the time of death the insured is four weeks in arrears in the payment of premiums. To offset this lapse, the beneficiary testified that on January 13, 1931, the day before the death of insured, he paid to some one on the roadside $1.05 for the insured. He does not give the name of the man to whom he claims to have made payment, but designates him as a "New man * * * with the one who was the superintendent—I mean the inspector." This witness did not have the payment entered on the receipt card, but claims to have taken a receipt which was not produced.

There was no evidence that the "New man" to whom payment is claimed to have been made was the agent of this defendant, or that the superintendent or inspector was in any way connected with this defendant.

■ Plea two raised the question of a forfeiture under the terms of the policy for and on account of a failure to pay premiums, and upon the foregoing evidence this question was submitted to the jury. Under our scintilla rule, the question of this payment to somebody was perhaps properly so submitted, but there is an entire lack of evidence tending to prove that this payment on January 13, 1931, was made to this defendant or any of its agents.

■ Under the plea of the general issue, the burden was on plaintiff to prove by legal evidence the assumption by defendant of liability under the policies sued on. To do this plaintiff introduced, over timely objection and exception of defendant the following letter:

"American Standard Life Insurance Company
"Thos. W. Wert, President
"Birmingham, Alabama
"December 6, 1930
"To the Policy holders of the Mutual Savings Life Insurance Company:

"The American Standard Life Insurance Company of Birmingham has purchased the Birmingham business of the Mutual Savings Life Insurance Company, and includes the business purchased by them of the Birmingham National Insurance Company and Dixie National Insurance Company, and assumes the liabilities on all policies that are in force in the Mutual Savings Life Insurance Company.

"The American Standard Life Insurance Company has a capital and surplus of more than one million dollars and is an Old Line Legal Reserve Company having more than six million dollars insurance in force. Anyone that might try to discourage you by misrepresentation is only doing so in a spirit of selfishness.

"The offices of the Mutual Savings Life Insurance Company have been moved to our office, 703 Comer Building, corner of 21st Street and Second Avenue. Telephone number 3-2457.

"Yours very truly,
"American Standard Life Insurance Co.,
"Thos. W. Wert, President."

■ The plaintiff testified that this letter had been handed him by Mr. Card, and further testified that Card was the man who took the place of Mr. Jones. What connection Jones or Card had with defendant does not appear, and there is no evidence tending to prove the genuineness of the signature or that the letter was the act of a duly authorized officer of defendant company. Without evidence tending to prove its authority, the letter should not have been allowed in evidence. 22 Corpus Juris, § 340, p. 304; White Trunk, etc., Co. v. Brantley, 16 Ala. App. 37, 75 So. 182; Lenhart v. Bean, 181 Iowa, 85, 161 N. W. 464.

■ With this letter out there was no evidence to connect this defendant with the policies sued on, and the defendant was entitled to the general charge.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.