174 So. 536

### HOME INS. CO. v. TRAMMELL.

### 6 Div. 957.

Court of Appeals of Alabama.

March 23, 1937.

Rehearing Denied May 11, 1937.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

SAMFORD, Judge.

This cause has once before been before this court and under the statute providing for an equalization of work, was transferred to the Supreme Court, where it was decided and reported in Home Ins. Co. v. Trammell, 230 Ala. 278, 160 So. 897. The law of the case was settled in the former appeal, supra, in which opinion the Supreme Court declined to pass upon the weight of the evidence tending to prove the theft of the insured automobile, for the reason that the judgment was reversed on other grounds.

The real questions of merit on this appeal are: Was there sufficient evidence to submit to the jury the question of the theft of the insured automobile, or, if so, was the evidence for defendant refuting the charge of theft such as to require the trial court to set aside the verdict and to grant a new trial?

It is admittedly a fact that a young negro boy by the name of Alfred Murphy was employed by the owner, Ross Trammell, to take the car to a water hydrant, a few hundred feet away, and to wash and simonize it. Further stating the facts surrounding the taking, which facts are substantially the same on this appeal, the Supreme Court held such facts to justify finding that a theft of the car had been committed depending on the animus furandi of Murphy at the time of the taking.

In other words, the car was taken from the possession of Trammell, the owner, under such circumstances as to constitute a theft, as the word was used in the contract of insurance, depending upon felonious intent of Murphy at the time of the taking.

We are asked to say, by appellant, as a matter of law that there is no evidence in this record to justify the jury in finding such felonious intent, or, if so, that the verdict is so contrary to the overwhelming weight of the evidence as that a motion for a new trial should have been granted.

In the trial of persons charged with larceny and kindred offenses, the felonious intent is one of the material ingredients of the offense, which must be proven by the evidence beyond a reasonable doubt. But, we cannot look into the mind or heart of man and see his intentions or the emotions that motivate his acts. We must, therefore, perforce judge of the intent with which an act is done, by the act itself, with the inference to be drawn therefrom that a sane man intends the material consequences of his acts.

Whether the act of taking the insured automobile by Murphy and converting it to his own use was a theft, within the terms of the policy, was a question of law for the court, 36 Corpus Juris 918 (516) A. Whether the act of taking was done by Murphy under the circumstances

as testified to by the witness was for the jury. Price v. State, 19 Ala.App. 78, 95 So. 55. This distinction is preserved through all the elements of the offense, the court defining the corpus ·delicti, the jury determining whether the evidence established the crime or not, as defined by the court. Among the ingredients of the offense to be found by the jury are, whether the taking was done with a felonious intent. Hart v. State, 17 Ala.App. 349, 84 So. 856; Dickens v. State, 142 Ala. 49, 39 So. 14, 110 Am.St.Rep. 17.

And however much the court might be inclined to disagree with the finding of the jury on the question of intent, a setting aside of the verdict would not be justified unless it clearly appears either there is no evidence to justify inferences of guilt or that the verdict was so overwhelmingly against the weight of the evidence as to shock the conscience and to convince the court that to allow the verdict to stand would be wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

In the instant case, the facts disclosed the taking and appropriation of the automobile, the facts as proven were such as to authorize the jury to infer a felonious intent. A jury passed upon the question under a fair charge by the court. The trial judge refused to disturb the verdict. We do not feel justified in doing so.

The general charge was properly refused and we cannot hold that the trial judge erred in refusing to grant the motion for a new trial.

Defendant's refused charge 14 is misleading in that it does not appear whether the time of the animus furandi was at the time of the taking or subsequently at the time of the wreck. Another defect is the charge requires the jury to find that Murphy intended to appropriate the automobile exclusively to his own use. The law is, if Murphy took the car with the felonious intent to convert the same to his own use or the use of another, the crime is complete.

Assignment of error is grounded on the action of the trial court in overruling demurrer to the complaint in the following words: (1) "The subject of said alleged insurance does not appear." (2) "It is not alleged that the subject of said alleged policy of insurance was stolen." The complaint was as follows:

"Plaintiff claims of the Defendant Four Hundred Ninety Dollars ($490.00) due under policy of insurance issued by the Defendant to the Plaintiff wherein the Defendant insured the Plaintiff for the term to-wit: from January 23rd, 1929, noon, to January 23rd, 1930, noon, Standard Time at to-wit Montgomery, Alabama, to an amount not exceeding the actual cash value of plaintiff's 1929 Ford Tudor automobile, serial number and motor number A-841200 against theft, robbery and pilferage. And plaintiff avers that on to-wit the 26th day of December, 1929 while said policy was in force and effect plaintiff's said Ford automobile hereinabove described was stolen from Plaintiff, and while said automobile was in the possession of the thief who stole said car it was injured and damaged to the amount to-wit first hereinabove set out."

The demurrer was overruled and the cause proceeded to trial as if the proper averments were made in the complaint, the evidence was so taken and the jury was fully instructed by the court as to the contract sued on. Since the case of Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas.1917D, 929, error in sustaining pleadings defective for omitted averments does not warrant reversal, where case is tried as though allegations were made. Federal Automobile Ins. Ass'n v. Meyers, 218 Ala. 520, 119 So. 230; City of Mobile v. McClure, 221 Ala. 51, 127 So. 832; Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Atlantic Coast Line R. Co. v. Watson, 215 Ala. 254, 110 So. 316; Birmingham Iron & Dev. Co. v. Hood, 19 Ala.App. 4, 94 So. 835; American Standard Life Ins. Co. v. Tolliver, 25 Ala.App. 363, 146 So. 625.

Questions presented by assignments of error 7, 8, 1, 2, 3, and 4 were passed on adversely to appellant's contentions on former appeal in the case 230 Ala. 278, 160 So. 897. Other exceptions, if error, were not of sufficient importance to affect the substantial rights of defendant.

There being no reversible error in the record, the judgment is affirmed.

Affirmed.