# Home Protection of North Alabama v. Whidden.

## *Action on Fire Insurance Policy.*

103  203
107  543

103  203
116  663

103  203
136   21
136   57

1. *Admissibility in evidence of copies of letters.*—Where notice to produce certain letters is not given, and there is not offered any evidence to show that the originals were lost or destroyed, copies of said letters are not admissible in evidence.

2. *Acts or admissions of agent; when admissible in evidence.*—The acts or admissions of one professing to act as the agent of another, are not admissible in evidence without independent proof of his authority,

3  *Same; when binding on principal.*—To render an agent's admis-

sions binding on his principal, they must be explanatory of cotempo-
raneous acts within the scope of his authority, or must be made while
in the execution of the agency, thereby forming a part of the *res
gestae*.

4. *Same*.—The mere personal expressions of opinion of the agent,
which throw no light upon the question at issue, are not admissible
against the principal; and the portions of a letter, written by such
agent, containing such expressions of opinion, should be excluded if
they are specially objected to, although other portions of such letter
may be admissible.

5. *Charge of court to the jury; when the oral charge can not be said to
be erroneous*.—When the oral charge given by the court to the jury is
not set out in the transcript on appeal, the trial court can not be put
in error for instructing the jury, at the request of the plaintiff, that
"The written charges given at the instance of the defendant are not
in conflict with the general charge of the court, and are not entitled
to any more consideration by the jury than the general charge."

6. *General affirmative charge*.—Where, if all the evidence introduced
by the defendant was excluded, and from the evidence on the part of
the plaintiff, the court could not say that the jury would not be au-
thorized to find for the plaintiff, the general affirmative charge in
favor of the defendant is rightfully refused.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellee, J. J. Whid-
den, against the Home Protection of North Alabama,
was founded upon a policy of fire insurance, and sought
to recover for the loss, by fire, of merchandise, a store-
house and fixtures, insured in said policy. The defend-
ant pleaded the general issue, and, by special pleas, that
the assured was not entitled to recover in the present ac-
tion, because he failed to observe the conditions and re-
quirements of said policy.

Upon the trial of the case the plaintiff introduced in
evidence the policy; and testified in his own behalf that
the goods and other property covered by said policy were
destroyed by fire a few nights after the issuance of said
policy; that he gave the local agent of the defendant at
Dothan, where the fire occurred, notice of such loss, and
that he made his proof of loss and forwarded it to the
company. The plaintiff introduced, against the objec-
tion and exception of the defendant, several letters, which
were written by the defendant to their adjuster, and also
introduced in evidence copies of other letters which were
written by the local agent of the defendant to the defen-

dant itself, notifying it of the fire, and other matters in reference to said policy. The defendant objected to the introduction of these copies of said letters, on the ground that they were irrelevant and that the originals had not been accounted for, or shown to have been misplaced. The court overruled this objection, and the defendant duly excepted. The testimony for the plaintiff further tended to show that the value of property which was destroyed by fire exceeded the amount of the policy, and that he had complied with the requirements of said policy as to the proof of loss and other conditions.

The defendant's evidence was in conflict with that of the plaintiff; and tended to show that at the time the fire occurred the value of the stock of goods in the storehouse was greatly less than the amount of insurance, and that the defendant did not give the proper notice of the fire, or the proper proof of loss.

Upon the introduction of all the evidence, and after the court's oral charge to the jury, which is not set out in the bill of exceptions, the court, at the request of the plaintiff, gave the following written charge : (1.) "The written charges given at the instance of the defendant are not in conflict with the general charge of the court, and are not entitled to any more consideration by the jury than the general charge." The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge in its behalf. There was judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the trial court upon the evidence, and the giving of the charge requested by plaintiff, and the refusal to give the charge asked by defendant.

T. W. ESPY and R. W. WALKER, for appellant.—
The copies of the letters offered in evidence by the plaintiff should have been excluded. Secondary evidence of writings should never be admitted unless the original writings are shown to be lost or satisfactorily accounted for.—*Olive v. Adams*, 50 Ala. 373 ; 13 Amer. & Eng. Encyc. of Law, 261 ; 21 Amer. & Eng. Encyc. of Law; 989.

A. E. PACE, *contra*.

COLEMAN, J.—This is an action by the plaintiff,

Whidden, upon a fire insurance policy, to recover for the loss of merchandise &c. sustained by fire. The assignments of error are based upon the admission of evidence, against the objection of the defendant, and upon a charge given for the plaintiff, and the refusal to charge the jury as requested by the defendant.

The court permitted the plaintiff to introduce in evidence, against the objection of the defendant, writings which were admitted to be mere copies of letters, written by one professing to be an agent of the company to another agent. The plaintiff did not serve notice on the defendant to produce the original letters, neither was there any evidence offered to show that the originals were lost or destroyed. Copies of letters can not be classed as original evidence, and are not admissible except upon proof of notice to produce the original, or after properly accounting for the absence of the original.—13 Amer. & Eng. Encyc. of Law, pp. 261, 262; 21 Amer. & Eng. Encyc. of Law, pp. 984-989.

Generally the mere acts or admissions of one professing to act as the agent of another are not admissible, without independent proof of his authority.—3 Brick. Dig., 21, § 43. After the fact of agency has been established, to render his admissions binding on the principal, they must be explanatory of some cotemporaneous act within the scope of his authority, or must be made while in the execution of the agency forming a part of the *res gestae.*—3 Brick. Dig. 25, § 108.

Portions of a letter written by one who is an agent, may be admissible against his principal, while other portions of the same letter may be inadmissible. Merely personal expressions of opinion by an agent, which throw no light upon the issue involved, ought not to be admitted against the principal, if such portions are especially objected to. These principles cover the assignments of error directed against the admissions of evidence.

We can not say the court erred in giving charge No. 1, assigned as error. The oral charge of the court is not set out and we can not say whether there was any conflict between it and the written charges given for the defendant. The charge may have been abstract, but the giving of such a charge is not necessarily reversible error. We do not think the court erred in refusing to give the affirmative charge for the defendant. The court

should never invade the province of the jury. If all the evidence introduced by the defendant was excluded, and the record showed no evidence except that for the plaintiff, we can not say, the jury would not be authorized to find for the plaintiff. This is one way to test the right of a party to the general affirmative charge.

These are the only assignments of error.

Reversed and remanded.