# Keith v. The State.

### Murder.

(Decided August 1, 1916.   72 South. 602.)

1. **Appeal and Error; Record; Organization of Court and Jury.**—Under rule 26, circuit court practice, the order for the special term is not necessary to be set out in the record where no question was made on the trial against the organization of the court to try the cause at the special term.

2. **Witnesses; Examination; Cross.**—Where the witness had several times stated that if deceased threw rocks at defendant she did not see it, she had answered the question so far as she was competent to answer and could not be compelled to say whether or not in fact rocks were thrown.

3. **Evidence; Prejudice.**—Where the witness stated that she did not know whether defendant was intoxicated at the time of the killing, the answers were not prejudicial to defendant.

4. **Homicide; Evidence.**—Although the condition of defendant at any time during the night following the killing was not material, and his objections to questions seeking to elicit such facts should have been sustained, such questions were not prejudicial in view of the other testimony in the case.

5. **Same.**—It was competent to show that an eye witness to the shooting shortly after the shooting correctly pointed out to a witness where defendant and deceased were at the time of the shooting, as a predicate for showing by such witness the distance between such places and a description of the place.

6. **Same.**—Statements of a witness that he saw where the shot cut through the bushes, and where there had been a lot of scuffling around, were admissible.

7. **Appeal and Error; Prejudice; Favorable.**—A defendant cannot complain of questions, although improper, if the answers are all favorable to him.

8. **Charge of Court; Degree of Proof.**—It is proper to refuse charges that the jury must be satisfied conclusively of defendant's guilt before they can acquit, as such charges imply that guilt must be shown to a mathematical certainty.

9. **Same.**—Charges that before conviction the jury must be satisfied to a moral certainty not only that the proof is consistent with defendant's guilt, but is wholly inconsistent with every other rational conclusion, are properly refused.

10. **Homicide; Instruction; Duty to Retreat.**—A charge asserting that if defendant approached the deceased in a peaceful manner, and deceased made the first hostile demonstration, defendant being so near deceased as to make it dangerous to attempt flight, and the rocks deceased threatened to throw would produce death or great bodily harm, if thrown, the defendant was under no duty to retreat, was properly refused as excusing from a duty to

5—15

retreat, although defendant was not thereby placed in imminent peril of death, or of suffering grievous bodily harm.

11. Same.—Such a charge is also faulty as combining the doctrine of actual imminent peril with apparent imminent peril, and pretermitting defendant's honest belief in such peril.

12. Same.—Charges asserting that if defendant did not provoke the difficulty, and was on his own ground when he shot deceased, he was under no duty to retreat, and could repel force by force to the extent of taking deceased's life, are incorrect statements of the law.

13. Same.—Charges that if defendant was free from fault and approached deceased in a peaceful manner, and deceased replied insultingly, and advanced on defendant with rock in hand so as to indicate to a reasonable mind that he intended to kill defendant, then defendant could anticipate and fire first, not only pretermits defendant's honest belief of imminent peril, but ignores his duty to retreat.

14. Charge of Court; Covered by Those Given.—It is not error to refuse charges requested which are substantially covered by the written or oral charges given.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Wm. C. Keith was convicted of murder in the second degree, and he appeals. Affirmed.

Deceased was one Thomas Willingham. The objections to evidence sufficiently appear. The following charges were refused to defendant: (1) The jury must be satisfied clearly, fully, and conclusively, and to a moral certainty, of defendant's guilt before they can convict him.

(2) Before you can convict defendant you must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent, etc.

(4) Same as 2.

(5) If accused, with no intention of bringing on the difficulty, approached deceased in a peaceful manner, and deceased made the first hostile demonstration by threat, or by throwing rocks at defendant, or by appearing to do so at the time defendant was in such proximity to deceased as rendered it dangerous to attempt flight, and if you believe that rocks, if thrown, would have produced death or great bodily harm, then defendant is under no duty to retreat, and you cannot convict defendant.

(7) If you believe defendant was free from fault in bringing on the difficulty, and approached deceased in a peaceful and orderly manner, and deceased replied angrily and insultingly, and advanced towards defendant with a drawn rock in his

[Keith v. The State.]

hand in such manner as to indicate to a reasonable mind that his purpose was to kill defendant, then defendant was authorized to anticipate and fire first.

(6) If defendant did not provoke or bring on the difficulty, and you further believe that he was on his own ground at the time he shot deceased defendant was under no duty to retreat, and he could repel force by force to the extent of taking the life of his adversary.

JOHN W. INZER, and C. R. ROBINSON, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—(1) No question was made on the trial against the organization of the court to try the case at the special term, and under the provisions of rule 26, circuit court practice, adopted June 23, 1913 (175 Ala. xix, 61 South. vii), it was not necessary to set out the order for the special term.

(2) We find no reversible error in the ruling of the court as to the cross-examination of the witness Mrs. Jessie Hazelwood. The witness was shown to have been an eyewitness to the difficulty between defendant and the deceased, and she had several times been asked by defendant's counsel if deceased threw rocks at the defendant, and had answered that she "did not see it if he did." If, in fact, rocks were thrown and the witness did not see them thrown, any other answer would have been either a conclusion from other facts, or the result of hearsay. The witness had answered the question so far as it was competent for her to do so.—*Way v. State*, 155 Ala. 52, 46 South. 273.

(3) The answer of the witness Mrs. Hazelwood to the questions asked her by the solicitor, eliciting testimony as to whether or not the defendant was intoxicated at the time of the killing, were to the effect that the witness did not know, and were not prejudicial.

(4) The condition of the defendant "any time that night" after the killing was not material, and the defendant's objection to the solicitor's question, eliciting this fact, should have been sustained. However, the only answer made to the question was, "I smelled whisky," and, after an examination of the record, it does not appear probable that the answer prejudiced the defendant, and especially in view of the testimony of the defendant

[Keith v. The State.]

that after the shooting the deceased complained of being cold, and defendant got some whisky and gave it to him.

(5) It was permissible for the state to show that the witness Hazelwood, who was an eyewitness to the shooting, shortly after the shooting correctly pointed out to the witness Courson where the defendant and the deceased were respectively located at the time of the shooting, as a predicate for showing by Courson's testimony the distance between these places and description of the place.

(6) The statement of the witness, "I saw where the shot cut through the bushes," and the statement, "I saw where there had been lot of scuffling around," are within the exception to the general rule declared in *Mayberry v. State*, 107 Ala. 64, 18 South. 219; *Welch v. State*, 156 Ala. 117, 46 South. 856; *Ragland v. State*, 178 Ala. 59, 59 South. 637.

(7) The answers of the witness Carrie Keith to the questions of the solicitor on cross-examination as to what occurred at the defendant's supper table just before the killing were all favorable to the defendant; and, conceding that the questions were not proper, no injury resulted from the rulings of the court allowing the questions.—*Crawford v. State*, 3 Ala. App. 1, 57 South. 393; *Green v. State*, 151 Ala. 14, 44 South. 194, 125 Am. St. Rep. 17, 15 Ann. Cas. 81.

(8) Charge 1, by the use of the word "conclusively," was calculated to impress the jury with the idea that it was incumbent on the state to show the defendant's guilt to a mathematical certainty before they could convict him. Moreover, this charge was substantially covered by charges 4 and 12, given at defendant's instance.

(9) Charges 2 and 4 were refused without error.—*Phillips v. State*, 162 Ala. 14, 50 South. 194; *Rogers v. State*, 117 Ala. 9, 22 South. 666.

(10, 11) Charge 5 was well refused, because it excused from the duty to retreat "if the deceased made the first hostile demonstration by threat," although the defendant was not thereby placed in imminent peril of life or of suffering grievous harm. It is also faulty in combining the doctrine of actual imminent peril with "apparent imminent peril," and pretermits the defendant's honest belief in such peril.—*Newsom v. State, infra*, 72 South. 579; *Thomas v. State*, 13 Ala. App. 50, 69 South. 315.

[Roden v. The State.]

(12) Charge 6 is not a correct statement of the law, and was properly refused.—*Watkins v. State,* 89 Ala. 82, 8 South. 134; *Thomas v. State, supra; McGhee v. State,* 178 Ala. 4, 59 South. 573.

(13) Charges 7 and 8 pretermit defendant's honest belief that he was in such imminent peril of losing his life or of suffering grievous harm as would justify him to act on appearances, and also ignores the defendant's duty to retreat.

(14) Refused charge 3 is substantially covered by given charge No. 9, and its refusal was not erroneous.—*Savage v. State,* 174 Ala. 94, 57 South. 469. This charge is subject to the same vice as charge 2, condemned in *Diamond v. State, infra,* 72 South. 558.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.