261 So.2d 431

**In re Nettie C. HOEFER**

v.

**Linnie N. SNELLGROVE.**

**Ex parte Linnie H. SNELLGROVE.**

**4 Div. 429.**

Supreme Court of Alabama.

Feb. 10, 1972.

Lee & McInish and William G. McKnight, Dothan, for petitioner.

Farmer & Farmer, Dothan, for respondent.

BLOODWORTH, Justice.

We granted defendant's petition for certiorari to review a decision of the Court of Civil Appeals, Ala.Civ.App., 261 So.2d 426, because of possible conflicts with prior decisions of this court.

Suit was brought by Mrs. Nettie Hoefer seeking recovery from Mrs. Linnie H. Snellgrove for personal injury arising out of an automobile accident. Verdict and judgment were for the plaintiff for $2,500. Plaintiff, however, was not satisfied with this amount and appealed to the Court of Civil Appeals contending that errors below were responsible for the low award by the jury.

In the Court of Civil Appeals the plaintiff made five assignments of error, but that court held that four of these assignments (which complained of inadequacy of damages) were insufficient.

In the one remaining assignment of error, plaintiff complained of two separate and specific rulings of the trial court. One, that the trial court erred in granting defendant's motion to strike certain allegations of permanent injury from the complaint. The other, that the trial court erred in sustaining defendant's objection to introduction of mortality tables.

The Court of Civil Appeals reversed, holding that the trial court erred both in granting the motion to strike and in excluding the mortality tables.

In her amended complaint plaintiff alleged, inter alia, as "special damages" that she was permanently injured and totally disabled as a result of defendant's negligence. Before trial, defendant moved to strike these allegations from the complaint as being prolix and frivolous contending that permanent injury need not be alleged as "special damages" in order to be proven. The trial court granted this motion and the allegations of permanent injury and total disability were struck from the complaint. Nevertheless, plaintiff was allowed to introduce evidence of such injury and disability under general damage allegations.

During the course of trial the court sustained defendant's objection to the introduction of certain mortality tables which

indicated plaintiff's life expectancy. In sustaining the objection the trial judge remarked that he was of the opinion that no satisfactory proof of permanent injury had been introduced. However, plaintiff made no objection nor took any exception to these remarks, though he did except "to the court's ruling." (Exception to the court's ruling is, of course, unnecessary under Title 7, § 818(1), Code of Alabama 1940, as last amended.) In his oral charge, the trial judge instructed the jury not to consider any of the allegations of damages in the stricken portion of the complaint. Plaintiff did not except to this portion of the oral charge. In fact, plaintiff's attorney announced he was satisfied with the oral charge.

■ Our rule is, and has long been followed, that where one assignment of error relates to two separate and specific rulings of the trial court, the assignment of error will fail unless each ruling is erroneous. American Cas. Co. of Reading, Pa. v. Devine, 275 Ala. 628, 157 So.2d 661 (1963). As we have said, "the assignment of error must be altogether good if it is good at all." Payne v. Jones, 284 Ala. 196, 199, 224 So.2d 230, 233 (1969); 2A Ala.Dig., Appeal & Error, ☞736.

Since, in plaintiff's one valid assignment of error there are two separate and distinct rulings of the trial court complained of, the assignment will be bad unless both rulings constitute reversible error.

■ The Court of Civil Appeals held that the trial court erred in granting the motion to strike. We do not agree with the rationale by which that court arrived at this conclusion. Nor, do we find that this purported error in any way injured the plaintiff. Thus, we conclude that if the trial court erred in sustaining the motion to strike, it was "error without injury," and does not constitute reversible error. In light of this conclusion we must reverse the decision of the Court of Civil Appeals without deciding whether that court was correct in holding that the trial court erred in excluding the mortality tables.

It seems apparent that, in the lower court, this case was tried on the theory that evidence of permanent injury was admissible under the existing allegations without the necessity of being alleged as "special damages." [1] The Court of Civil Appeals agreed with this theory, but concluded that in granting the motion to strike (when considered with the ruling on the mortality tables and the oral charge) the trial court had, in effect, "charged out" any evidence of permanent injury. The Court of Civil Appeals held this action by the trial court so prejudiced the plaintiff that the cause should be reversed. In reaching this conclusion we think the Court of Civil Appeals erred.

■ It is a well-settled principle of law that matters not objected to cannot be considered for the first time on appeal. Vick v. Bishop, 252 Ala. 250, 40 So.2d 845 (1945); 2 Ala.Dig., Appeal & Error, ☞181. It is even more firmly settled that an appellate court is limited to a review of those errors brought before it by a proper assignment of error. Supreme Court Rule 1, Revised Rules of the Supreme Court, 279 Ala. XXI, Code of Alabama 1940, Title 7, Appendix. Belcher v. City Commission of City of Birmingham, 280 Ala. 252, 192 So.2d 454 (1966); Snellings v.

---

1. See, Birmingham Ry., Light & Power Co. v. Goldstein, 181 Ala. 517, 61 So. 281 (1913), which holds that in order for an allegation to be sufficient to support proof of damages for permanent injuries it is necessary to allege that the injury was permanent unless the injury alleged is of such character as to imply or impute that it is permanent.

This case was followed in Birmingham Ry., Light & Power Co. v. Hunt, 200 Ala. 560, 76 So. 918 (1917). We express no opinion as to whether such an implication exists in this case since such a determination is rendered unnecessary by our conclusion that any error in striking the allegation was without injury to the plaintiff.

Jones, 33 Ala.App. 301, 33 So.2d 371 (1948), cert. den. 250 Ala. 89, 33 So.2d 273; 2A Ala.Dig., Appeal & Error, ⊛719(1).

■ In view of the fact that the trial judge's remarks and his oral charge, were neither excepted to, nor assigned as error on appeal, we hold the Court of Civil Appeals erred in considering these factors when it determined that the motion to strike was improperly granted. Old Southern Life Insurance Company v. Free, 46 Ala.App. 622, 247 So.2d 379 (1971).

We need·not decide whether the trial court erred in granting the motion to strike, having concluded that if there was error in this action, it was "error without injury."

We reach this conclusion on the basis of our cases which hold that error in striking allegations from a complaint, or from a plea, is not prejudicial or reversible error where the matters alleged are admitted under other counts or pleas, or allegations. See, 2A Ala.Dig., Appeal & Error, ⊛1042(2) (5); J. H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443, 449, 212 So.2d 831 (1968). The theory is that the party has suffered no injury when, at trial, that party is permitted to introduce the same evidence which would have been admissible under the allegations struck. In this case, it is clear that plaintiff was allowed to introduce evidence of permanent injury (as well as total disability) notwithstanding the motion to strike these allegations had been granted.

In Garner v. Morris, 187 Ala. 658, 664, 65 So. 1000, 1002 (1914), Mr. Chief Justice Anderson, in a similar situation, wrote for the court.

"The defendant's pleas were manifestly bad, or the defense attempted was provable under the general issue; but,

2. It appeared in the following context: "Q. Have any of those disabilities you suffered, have you suffered from them until this day?

whether all of them were provable under the general issue or not, the defendants were given leave to plead in short and by consent all matter that should be specially pleaded, and the record shows that they were *permitted* to introduce in evidence the matter set up in said special pleas. If there was any error in striking said pleas, it was error without injury." [Emphasis supplied]

Another case in point is Brothers v. Brothers, 208 Ala. 258, 259, 94 So. 175, 176 (1922), where the court held:

"The trial court erred in striking a portion of the trespass count of the complaint. Such allegations are not intended as a basis for the recovery of special damages, but merely to show an aggravation of the trespass, and thereby make a case for punitive damages.

"But proof of such matters may be made without any allegation thereof in the complaint. Wilkinson v. Searcy, 76 Ala. 176; Standard Oil Co. v. Davis, 94 So. 754 [208 Ala. 565]. And the bill of exceptions shows that *plaintiff was allowed to show* all that was said and done on the occasion in question, and also the fact of the presence of his wife and daughter. The error in striking the matters of aggravation from the complaint was very clearly of no prejudice to plaintiff." [Emphasis supplied]

■ To summarize, it appears clearly to be our rule that some injury must be shown in order to reverse the trial court for granting a motion to strike such as in this case. We do not see how plaintiff has suffered any injury here. She was *allowed to offer proof of her permanent injuries* in the trial of the cause. There was no objection to such proof, with, perhaps, one exception.[2]

"MR. McINISH: If the Court please, we object to the continued use of disability. That part of the complaint has been stricken.

Although this objection appeared to be based on the point that reference to "disability" in the complaint had been stricken, we note the objection was never sustained. The trial judge merely instructed counsel to use the word "injuries" instead of "disability." Counsel then rephrased his question and it was answered. We fail to see how this single instance constitutes a refusal to allow plaintiff to show permanency of injury.

Therefore, we conclude that no injury having been shown, there was no reversible error in granting the motion to strike, and the decision of the Court of Civil Appeals must be reversed and remanded so that a decision may be rendered not inconsistent with this opinion.

Reversed and remanded.

LAWSON, MERRILL, HARWOOD and McCALL, JJ., concur.

HEFLIN, C. J., and COLEMAN and MADDOX, JJ., dissent.

MADDOX, Justice (dissenting).

I would affirm the judgment of the Court of Civil Appeals. As I read the opinion of the majority, it holds that the plaintiff in the trial court failed to show reversible error because the granting of the defendant's motion to strike her allegations of permanent injury, if error, was harmless since she was allowed to introduce evidence of permanent injury during the trial.

I think the majority has correctly stated the rule of appellate practice to the effect that where one assignment of error relates to two separate and specific rulings of the trial court, the assignment of error will fail unless each ruling is erroneous. But I think that rule to be inapposite in this proceeding. In the first place, the majority does not hold that the trial court's ruling on the defendant's motion to strike plaintiff's claim of "special damages" is not *erroneous*, but finds it to be *harmless error*. I think, therefore, the rule of practice applied is inapplicable.

Furthermore, Rule 45 of the Supreme Court Rules of Practice reads as follows:

"Hereafter no judgment may be reversed or set aside, nor new trial granted by this court or by any other court of this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, *after an examination of the entire cause*, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." [Emphasis added]

Rule 45 is applicable to the Court of Civil Appeals and that court, *after an examination of the entire cause*, has made a factual determination that the trial court's granting of defendant's motion to strike and the trial court's refusing to allow plaintiff to introduce the mortality tables was error to reverse. In other words, the Court of Civil Appeals has determined that the error was not harmless, and based upon the facts set out in that court's opinion, I think this determination to be correct under the facts of this case.

The Court of Civil Appeals had a right to look at the entire record of the cause to

"THE COURT: I am going to let you say injuries instead of disability, Mr. Farmer. It is techical [sic] words.
"Q. What injuries and how have you suffered from those injuries?

"A. I have been disabled to carry on my business, Mr. Farmer. There is only one way I can squat down until today and that is get down on my right knee. I can get on my knee and do some standing, that way."

**412**

determine whether the court's ruling on the motion to strike was prejudicial. In view of the fact that the trial court orally told the jury not to award any damages for permanent injury, even though not objected to by the plaintiff, should not prevent the plaintiff from showing error on the part of the trial court for granting the motion to strike. To hold otherwise would mean that the plaintiff, by introducing some evidence of permanent disability (the trial court refused to allow the mortality tables to be introduced and commented at one point that a chiropractor was not qualified to testify about permanent injuries), and failing to object to the oral charge which directed the jury not to award any damages for permanent injury, thereby waived her right to insist that the original ruling on the motion to strike was erroneous. I do not believe the majority opinion correctly states the applicable law and I, therefore, respectfully dissent.

HEFLIN, C. J., and COLEMAN, J., concur.