282 So.2d 913

**Billy E. CARSON and Betty Carson**

v.

**EMPLOYERS CASUALTY COMPANY,
a corporation.**

**Civ. 50.**

Court of Civil Appeals of Alabama.

May 23, 1973.

Rehearing Denied June 27, 1973.

Smith, Johnston, Walker & Morris and Nancy S. Gaines, Huntsville, for appellee.

Culver & Miller, Huntsville, for appellants.

BRADLEY, Judge.

Judgment was entered by the Circuit Court of Madison County in favor of appellee after a verdict was returned by the jury pursuant to the giving of the general affirmative charge without hypothesis, and this appeal resulted from that judgment. After the appeal was taken but before submission, appellee filed in this court a motion to strike the transcript of the record. Submission here was taken on the motion and the merits of the case.

### On the Motion

Appellee's motion to strike the transcript of the record in this court and to affirm the judgment below is premised on the contention that the transcript of the evidence was not timely filed with the Circuit Court Clerk as prescribed by Title 7, Sections 827(1) and 827(1a), Code of Alabama 1940, as Recompiled 1958, and that the time for filing the transcript of the evidence with the Circuit Court Clerk was not extended as provided by Title 7, Section 827(1a), Code of Alabama 1940, as Recompiled 1958.

The record shows that the final judgment was entered on October 21, 1970, and the motion for new trial was overruled on December 3, 1970. Notice of appeal, appeal bond and citation of appeal were filed May 19, 1971. On May 20, 1971 the court reporter was notified of the appeal and requested to prepare the transcript of the evidence.

A thirty day extension for filing the transcript was granted on July 18, 1971; a sixty day extension was granted on August 17, 1971; a sixty day extension was granted on February 15, 1972; and a ninety day extension was requested and granted on April 15, 1972, but said order was not filed with the Clerk until August 16, 1972.

· On June 30, 1972 the transcript of the evidence was filed with the Circuit Court Clerk. On July 10, 1972 appellee moved the Circuit Court to strike the transcript of the evidence for the reason that the transcript had not been filed within the time prescribed by law and that there were two periods of time, i. e., October 17, 1971 to February 15, 1972 and April 15, 1972 to July 11, 1972, wherein the Circuit Court had failed to extend the time for filing the transcript.

A hearing was had on this motion, at which time testimony was heard. The substance of the evidence heard was that the court reporter and attorney for appellant had worked closely together in getting the transcript of the evidence together and also in preparing and filing the requests for extensions of time within which to file said transcript with the Circuit Court Clerk; however, the court reporter left Huntsville and went to Mobile. It had been agreed before his departure that the court reporter would file the transcript with the Circuit Court Clerk before April 15, 1972. Shortly before this time, the court reporter was called on the telephone from the office of Circuit Judge Younger, and he assured appellants' attorney that the transcript would be forthcoming shortly. A few days after April 15, 1972 appellants' lawyer requested an extension of time from April 15. The time for filing the transcript was extended for sixty days from April 15, 1972. The order by the trial court granting the extension was not made until sometime after April 15, 1972.

The trial court denied the motion to strike the transcript of the testimony and stated that notice to prepare a transcript had been given to the court reporter, that seasonable extensions of time in which to

file the transcript had been given by the trial court, that neither the appellant nor his attorney was at fault for any delay in filing the transcript, and that appellee had not been prejudiced by any delay.

Title 7, Sections 827(1) and 827(1a), Code of Alabama 1940, as Recompiled 1958, govern the filing of the transcript of the evidence with the Circuit Court Clerk by the court reporter where an appeal is taken to the Court of Civil Appeals, and provide, in pertinent part, as follows:

"§ 827(1). . . . If a party to a cause tried in such court desires to appeal from a judgment rendered, he shall, within five days after he perfects his appeal give notice to the court reporter, in writing, that he desires to appeal and request the evidence to be transcribed. The court reporter shall then promptly transcribe the evidence, . . . certify the same and file it with the clerk within sixty days from the date on which the appeal was taken, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later. . . ."

"§ 827(1a). The period of time within which the reporter must file the transcript may be extended by the trial court for cause. . . ."

Appellee, in support of its motion to strike, argues that the above Code sections were not adhered to by the trial court for two reasons: (1) that the extensions were unreasonable and prejudicial, and (2) that the delay in the filing of the transcript of evidence was due to the fault of the appellants or their attorney.

The general rule concerning a failure to file the transcript of the evidence with the Clerk of the Circuit Court within the time allotted by statute and the failure to properly request and file an extension of time for such filing is set out in Johnson v. State, 269 Ala. 1, 111 So.2d 610.

As we understand the holding in *Johnson,* the Supreme Court said that the trial court has the right to grant extensions beyond the sixty day limit as provided in Section 827(1), *supra,* and that there is no limit on the length of the extension except that it must not be unreasonable, and provided that any delay must not be the fault of the appellant or his attorney or result in prejudice to the appellee.

In the instant case the trial court had the power to grant extensions of time for filing the transcript of evidence with the Circuit Court Clerk and the determination of the reasonableness of the length of those extensions was within its discretion. The exercise of such discretion will not be revised on appeal unless it has been abused, and we find no abuse of said discretion.

The next question is whether the delay was due to the fault of the appellants or their attorney, and we find that the evidence amply supports the conclusion of the trial judge that the delay was brought about by the failure of the original court reporter to file the transcript of the testimony.

Has appellee been prejudiced by the delay in the filing of the transcript of the evidence? We think not.

The appellee was the defendant in the trial court and received a directed verdict in its favor. It was not ordered to pay any money and it has not been deprived of a money judgment. We would also point out that no objections to the delay in the filing of the transcript were made until the transcript was filed with the Circuit Clerk.

The motion to strike the transcript of the record in this court and affirm the judgment below is denied.

### On the Merits

Appellants filed suit against appellee on an insurance policy issued by Employers Casualty Company, Inc., claiming $10,000 damages as to the value of certain un-

scheduled personal property claimed to be insured by appellee against loss by fire, which property was alleged to have been destroyed by a fire on to wit January 13, 1963. Appellants also alleged that appellee was given notice of the fire and loss and has refused to pay for said loss under the terms of the policy.

In its answer, appellee denied the allegations of the complaint, and by special plea asserted in its defense that the policy coverage was suspended or restricted by failure of appellants to comply with certain policy provisions, and that suit is barred under the policy by failure of appellants to bring this action within twelve months of the alleged loss. These special pleas are confessed and avoided by way of replication. In rejoinder, appellee denied the allegations of the replication, pled further in short by consent and specially denied some of the specific allegations of the replication.

Issue was joined on these pleadings and trial commenced before a struck jury. The verdict was in favor of appellee as the result of the giving of the general affirmative charge without hypothesis. Judgment was entered pursuant to the verdict.

Appellants have made thiry-seven assignments of error, thirty-six of which are directed to rulings by the trial court on the admissibility of certain evidence, and the thirty-seventh is directed to the giving, on behalf of appellee, of the general affirmative charge without hypothesis.

█ Under the issues as framed by the pleadings in this case, one of the material elements of the action to be proved by appellants was whether appellants' unscheduled insured property was actually lost in a fire at Huntsville Moving and Storage Company on to wit January 13, 1963. A careful study of the evidence admitted shows appellants' failure to carry their burden of proof as to this issue. Therefore, unless some of the evidence excluded under the rulings assigned as error one through thirty-six is admissible for the purpose of proving that the insured property was stored at Huntsville Moving and Storage Company at the time of the fire, we must conclude that the general affirmative charge without hypothesis was properly given at the request of appellee.

In the case at bar the evidence shows that appellants were in 1961 living in Arab, Alabama in a house owned by them. A homeowners policy on the house and its contents was purchased from appellee through its agent, Charles McDonald. The policy limit on the personal property was $10,000.

In 1962 Mr. Carson accepted a job with RCA and departed shortly thereafter for Ascension Island in the South Atlantic Ocean. During 1962 while on a short visit to Arab, Alabama, Mr. Carson entered into an agreement with Mr. McDonald for the rental of the house and storage of the personal property which was in it.

Mr. McDonald stated that he went through the house, looked at the contents and determined that it was insurable for the amount of the coverage set out in the policy. The policy was issued to the appellants and premiums paid by them for the years 1962 and 1963.

Mr. McDonald testified that appellee had been notified of a loss by appellants.

Mr. McDonald also stated that he believed he went in the appellants' house after they left and there was no furniture there. He rented the house for the appellants shortly after they left Arab. However, he did state that he did not know whether he had notified appellee that the personal property was not in the Carson home in Arab from August 1962 until it was allegedly burned in January 1963.

Mr. Carson testified that he went to Cocoa Beach, Florida and talked to Powell Huggins about his claim for loss of his

property. Huggins was an insurance adjuster who represented appelle in an effort to settle appellants' claim.

Mr. Carson testified that the insurance policy he purchased from appellee, through McDonald, on the property in question was cancelled shortly after the alleged fire of January 13, 1963. He said he paid all premiums due up until the time of cancellation and had never been advised of any changes in the policy or policy rates.

Mr. W. E. Pearson, an employee of an independent adjusting firm in Huntsville in 1963 testified that he visited Huntsville Moving and Storage Company in Huntsville while investigating a claim for appellee filed by appellants, and that although he did not see the fire, a fire had occurred there and the building and its contents had been damaged by fire. He stated he looked in the building but did not remember going through it.

He further stated that he received an itemization of property from Huntsville Moving and Storage Company and sent it to appellee. A listing of property from the files of appellee was then shown to him and he stated that he could not say that it was the same list. Neither could he identify the person who gave him the list. Mr. Pearson further stated that he could not say whether or not Mr. Carson's property was in the building of Huntsville Moving and Storage Company at the time of the fire.

Mr. Jeff Smith of Huntsville, attorney for appellee, stated that he had previously represented Mr. Milton Finley, owner of Huntsville Moving and Storage Company in a bankruptcy proceeding and other proceedings. He stated that a Mr. Reed, an employee of Mr. Finley's, gave him some records concerning the storage of Mr. Carson's property in Huntsville Moving and Storage Company. Since Finley's discharge in bankruptcy, the records including these records have been destroyed and there are no records so far as he knows concerning property stored at Huntsville

Moving and Storage Company at the time of the fire.

The petition in bankruptcy filed on behalf of Finley showed, among others, the name of Carson as a creditor. The character of the debt was shown as a demand by bailor for stored goods in the amount of $2,000.

James Carson, Billy Carson's brother, stated that on August 30, 1962 he saw household goods being taken out of his brother's house in Arab and being placed in a United Van Lines truck.

Indulging all presumptions in favor of the correctness of the ruling by the trial court on the general affirmative charge which is the subject of assignment of error number thirty-seven, and having searched the record diligently for proof that appellants' insured property was destroyed by fire on "to wit" January 13, 1963, and having found no such proof in the record, we now turn to the thirty-six remaining assignments of error to see whether any such proof was improperly excluded by the trial court.

The questions asked of various witnesses to which objections were sustained were, in the main, an effort by appellants to prove the value of the insured furniture and that the furniture was in Huntsville Moving and Storage Company at the time that warehouse was destroyed by fire on or about January 13, 1963. These questions to which objections were sustained will be grouped for discussion wherever possible.

Assignments of error 1, 2, 3, 5, 11, 33, 35 and 36 involve questions propounded to Billy Carson and Charles McDonald relative to the value of the items of property allegedly lost in a fire at Huntsville Moving and Storage Company. At the time these questions were asked of the witness there was no proof of a loss of the specified property by fire.

Appellants argue that in the absence of market value, they were at liberty to prove

other factors of value, such as the value to them. This is true, but in White v. Henry, 255 Ala. 7, 49 So.2d 779, cited in brief by appellants, the Supreme Court held that such a rule does not relieve the plaintiff of offering evidence showing that he has been damaged and the extent or amount of his loss, since an award cannot be based on speculation.

■ At the time these questions were asked there was no evidence of damage or the extent or amount of the loss, hence nothing to show that evidence of value would be relevant to the case.

Could, then, this evidence have been admitted subject to the condition that it be connected up later?

According to McElroy on the Law of Evidence in Alabama, Vol. 1, 2nd Ed., Sec. 13.01, p. 12:

"A party does not have the absolute right to introduce evidence of a fact which in the nature of things should be preceded by another fact, . . ."

■ It would then appear that the trial court has some discretion as to the order that the proof will take, and obviously the trial judge thought proof of loss and extent of damage should come before proof of value. Furthermore there was no request to be allowed to offer proof of value subject to its being connected up later in the trial. We find no error here.

■ Assignment of error 6 is concerned with the refusal of the trial court to allow into evidence a portion of the deposition of Charles McDonald. Specifically the assignment relates to a question propounded to McDonald, which question is asked in compound form. The form of the question was objected to on the taking of the deposition and again on trial. Questions which are compound in form or seek answers to more than one proposition are improper. Glass v. State, 40 Ala.App. 661, 120 So.2d 917; Rogers v. State, 16 Ala.

App. 58, 75 So. 264. The trial judge therefore did not err in sustaining the objection to this question.

■ Assignment of error 7 is concerned with the refusal of the trial court to allow a question which assumes a fact not in evidence at the time that the question was asked. In the sequence in which it is asked, the question with which assignment 7 is concerned assumes that the United Van Lines receipt bearing a signature identified by witness McDonald as being that of his wife was actually the warehouse storage receipt for the insured property. Although this receipt had been identified by Carson as a warehouse receipt, it had not been identified as the storage receipt for the insured property. Furthermore, even if this question had been allowed to be answered, the answer would not introduce evidence that the insured property was in the warehouse of Huntsville Moving and Storage Company at the time of the fire. Questions which assume facts not in evidence are properly excluded. Brannan v. Henry, 142 Ala. 698, 39 So. 92; Resolute Fire Ins. Co. v. O'Rear, 34 Ala.App. 249, 38 So.2d 616.

■ Assignment of error 32 is also concerned with a question which assumes a fact not in evidence. Here a question was asked of the witness Pearson which assumes that he had knowledge that the Carsons' property was in the warehouse, when in fact his prior testimony clearly shows that he had no such knowledge. Furthermore, the question calls for a conclusion on the part of the witness that any list he might have received from Huntsville Moving and Storage Company was actually a list of the appellants' property stored there. The question is also a classic example of a leading question. We find no error in this ruling.

■ Assignments of error 10 and 12 involve questions to Mr. McDonald asking if he knew that the personal property of

the Carsons had been moved out of their dwelling and stored at Huntsville Moving and Storage Company. Subsequent to the question that is the subject of assignment 10, Mr. McDonald stated without objection that he visited the Carsons' house shortly after they left town and the furniture was no longer in the house; so, any error that might have been committed in not allowing Mr. McDonald to answer the question the subject of assignment 10 was rendered harmless by the later answer. See Case v. English, 255 Ala. 555, 52 So.2d 216; Ala. Dig., Vol. 2A, Appeal & Error, ☜1058(2).

■ Assignment 12 concerned a question about the witness McDonald's knowledge that certain property of the Carsons was packed and stored. The question was properly disallowed for the witness had stated that he was out of town on the day the Carsons' property was allegedly placed in a United Van Lines truck, and hence was without personal knowledge of that fact. This question was also objectionable since it was propounded as a compound question.

Assignment of error 13 is concerned with four specific rulings by the trial court, each constituting a refusal to admit into evidence appellants' Exhibit # 2, a list of property allegedly taken from the Carsons' house and placed in a United Van Lines truck. The list was mailed to Billy Carson allegedly by Mr. McDonald. None of these rulings constitutes reversible error, since the list is one only of property claimed to have been lost by appellants. There is nowhere in the record any proof connecting this list of furniture to the warehouse at the time of the January 13 fire. Until evidence is introduced that the furniture on the list was destroyed or lost under the terms of the policy sued on, the list or any matter contained therein is irrelevant to the issues in this case.

Here again the trial court has discretion to control the order of the admission of evidence where evidence is subject to being connected up later in the trial.

■ Assignment 13 relates to four specific rulings of the trial court. The correctness of any of the rulings referred to in assignment 13 precludes our consideration of any other rulings contained therein. Hoefer v. Snellgrove, 288 Ala. 407, 261 So.2d 431.

As to the remaining rulings assigned as error, there may be several reasons for the correctness of each ruling. However, for the sake of brevity, only one such reason will be discussed here for each such ruling. Note also that although some of the evidence attempted to be admitted here may have been admissible for the purpose of showing negotiations in response to appellee's defense of laches, this defense is irrelevant unless appellants prove loss of the insured property.

■ Assignments 18, 19, 20, 21 and 22 are attempts to elicit from Carson extrajudicial conversations with Mr. Huggins concerning loss of the insured property. Such conversations when offered to prove the truth of the matters therein stated are inadmissible as hearsay unless we find that some exception to the hearsay rule has been met.

■ Appellants argue that these conversations are admissible as the declarations of an agent while acting within the line and scope of his employment. However, there is no sufficient proof of Huggins' agency in the present case. The only evidence admitted concerning Huggins' agency at the time that these conversations were attempted to be elicited, were the statements by Carson that Huggins represented himself as agent of the appellee. This evidence standing alone is not enough. Cohn & Goldberg Lumber Co. v. Robbins, 159 Ala. 289, 48 So. 853. Assignments 18, 19, 20, 21 and 22 are therefore without merit.

■ Assignment of error 28 relates to a question propounded to the witness Pearson seeking to elicit from him the results of his investigation of the claimed loss.

Pearson had previously stated that he had no personal knowledge of whether or not the Carsons' property was destroyed as alleged. Thus anything he might have stated in answer to the question would have been a conclusion based on hearsay information. Such testimony would not be proper. Commercial Casualty Ins. Co. v. Lloyd, 243 Ala. 416, 10 So.2d 292. We know of no exception to this rule which allows an agent employed for the purpose of making an investigation to state his conclusions or opinion reached as a result of such investigation. Furthermore, this question calls for a simple yes or no answer, which answer would shed no light on whether the insured property was actually stored at Huntsville Moving and Storage Company. We conclude that assignment 28 is without merit.

■■■ Assignment of error 14 is concerned with the refusal of the trial court to admit into evidence a letter written by Pearson, an agent of appellee, to Carson. Assignments 16 and 17 are concerned with the court's refusal to admit letters written by Huggins, another alleged agent of appellee, to Carson. In all these instances there was neither any authentication of the signatures on the letters nor any proof other than the declarations of Huggins to Carson as testified to by Carson concerning the fact of agency between appellee and Huggins or appellee and Pearson at the time these letters were offered as evidence. Both authentication and proof of agency are necessary as predicates to the admissibility of these letters. American Standard Life Ins. Co. v. Tolliver, 25 Ala. App. 363, 146 So. 625. Therefore the trial court did not err in its rulings in assignments 14, 16 and 17.

■■■ Assignments 15, 23, 24 and 25 are concerned with the trial court's refusal to admit carbon copies of letters from Carson to the alleged agents of appellee. Prior to attempts to admit these copies there was no attempt to account for the non-availability of the original letters. The copies were therefore not the best evidence and the trial court committed no error in its refusal to admit them into evidence. See Home Protection of North Alabama v. Whidden, 103 Ala. 203, 15 So. 567. Also, at the time these exhibits were offered, there was no sufficient proof of the agency of either Pearson or Huggins. Without proof of such agency, the exhibits were merely self-serving declarations.

Assignment of error 27 is concerned with the refusal of the trial court to allow into evidence a letter from Pearson to Carson. At the time of the offer Pearson had testified that he had been employed by appellee to investigate and adjust the claim filed by appellants with which we are concerned. Pearson identified the letter as one written by him to Carson.

■■■ The declarations of an agent to third parties while acting within the line and scope of his employment are admissible against his principal. See Mutual Sav. Life Ins. Co. v. Hall, 254 Ala. 668, 49 So. 2d 298. Therefore, the trial court possibly erroneously excluded the exhibit, the subject of assignment 27. However, the exhibit contains no admission of the amount or extent of the loss or of the presence of the insured property in the warehouse at the time of the fire. Therefore, any error in the ruling of the trial court with respect to assignment 27 is error without injury.

■■■ Assignments 29, 30 and 31 are concerned with the refusal of the trial court to admit into evidence certain letters written to appellee by Pearson, alleged agent of appellee. Although these letters were originals and were authenticated, the statements made by Pearson concerning loss of the Carson's property were admitted by Pearson to be based solely on hearsay. A witness cannot be compelled to state what would amount to a mere conclusion of hearsay. Keith v. State, 15 Ala. App. 129, 72 So. 602. And our Supreme Court has found that the transposing of hearsay into writing does not make it com-

**100**

petent evidence. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545; Ex parte McLendon, 239 Ala. 564, 195 So. 733. The trial court, therefore, did not err in its rulings in these instances.

 As for assignments 4, 8, 9, 26 and 34, appellants failed to argue these in brief. We therefore deem them to be waived and will not consider them. Union Oil Co. of California v. Crane, 288 Ala. 173, 258 So.2d 882; Groves v. Segars, 288 Ala. 376, 261 So.2d 389; Supreme Court Rule 9(d).

In summary, no reversible error having been shown in assignments one through thirty-six as to the loss, as alleged in the complaint, of appellants' property, no evidence was improperly excluded from the jury; furthermore, we have not found a scintilla of evidence as to this issue in the remainder of the record. To recapitulate, the evidence properly before the jury showed that furniture, furnishings, etc. was taken from appellants' house and placed in a United Van Lines truck. There is no evidence to show where the property was taken or where it was stored, if it was stored. There is evidence in the record that appellants were listed as creditors of the owner of Huntsville Moving and Storage Company in his bankruptcy petition. The relationship was characterized as that of bailor-bailee for personal property in the amount of $2,000. However, there is no indication that said property was the property allegedly insured by appellee and the subject of this lawsuit. There was a complete failure of proof before the court and jury that the household property of appellants insured by appellee was destroyed by fire on or about January 13, 1963 at the Huntsville Moving and Storage Company.

 Where there is not a scintilla of evidence in favor of one party to an action, the general affirmative charge is, upon request, due to be given in favor of the opposing party. Harris v. State, 215

Ala. 56, 109 So. 291; Central of Ga. R. Co. v. Isbell, 198 Ala. 469, 73 So. 648. We therefore find assignment of error 37 to be without merit.

There being no reversible error shown to this court, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.