This is an appeal from a decree of the Circuit Court of Jefferson County, holding that no trust existed and ordering the transfer of stocks. We affirm.
During 1953, 1954 and 1955, National Union Life Insurance Company, a predecessor of Empire Life Insurance Company of America, issued to certain policyholders a special participation plan (SPP) policy wherein a portion of the premiums paid to the company by the SPP policyholders during the second through the fifth policy years were set aside in a fund to provide for payment at the end of the twentieth year. Pursuant to the provisions of the policy and a resolution later adopted by National Union, the funds were invested in certain stocks which were put into a special account with First National Bank of Montgomery and in 1962 transferred to Union Bank Trust Co. The dividend was to be measured by the market value of all stocks in the fund.
In 1972 John G. Bookout as Commissioner of Insurance for the State of Alabama instituted a receivership proceeding in the Circuit Court of Jefferson County against Empire. The trial court placed Empire in receivership, appointed the Commissioner as receiver and authorized the Commissioner to solicit offers from other insurance companies to reinsure Empire. In June, 1974, the court granted the receiver's petition to liquidate and reinsure the business of Empire into Protective Life Insurance Company.
In July Ed Osborn and Harold Jack Hughes as executors of the estate of C.O. Osborn, with S.P. Keith, III, Robert B. Keith, S.P. Keith, Jr., and Mark Edward Osborn, as SPP policyholders, filed suit in the Circuit Court of Jefferson County against Empire, Bookout as receiver, Protective and Union Bank, seeking an injunction against the transfer to Protective, pursuant to the Treaty of Assumption and Bulk Reinsurance between Protective and the Receiver, of the stocks owned by Empire in the SPP policy fund and a declaration that the stocks were held in trust for the policyholders.
On May 21, 1975, the trial court found that no trust existed and that the stocks were due to be transferred to Protective pursuant to the treaty. The policyholders appealed on November 17.
Protective and the receiver filed a motion to dismiss the appeal on the ground that facts transpiring since the order of the court below on which the appeal is based render the appeal moot. Since the order *Page 765 
the receiver has transferred, by the treaty, to Protective certain assets, including the stocks in the fund. Protective and the receiver argue that none of the policyholders has standing because each is deemed to have accepted reinsurance and, thus, to have agreed that the dividends shall be paid in accordance with the terms of the treaty.
The questions we must answer are whether the policyholders have standing to appeal and, if they do, whether the evidence supported the lower court's finding that no trust existed.
 I
The policyholders have standing to appeal and the appeal is not moot. After the trial Protective sent the policyholders an assumption certificate which expressly provided that each policyholder had the right to accept reinsurance or reject it and file a claim against the receiver as a creditor. However, the certificate provided that each policyholder would be deemed to have accepted the certificate unless express rejection thereof was made within sixty days of the mailing. None of the SPP policyholders expressly rejected the certificate within the sixty days.
The question of mootness as to an appeal arises when a justiciable controversy no longer exists, such as when the appellants accept and retain benefits in the amount adjudged to be due them. See Bradford v. Bush, 10 Ala. 274 (1846); Smith v.Ala. Dry Dock Shipbuilding Co., 293 Ala. 644, 309 So.2d 424
(1975). That is not the case here. There does exist a real controversy between the policyholders and the appellees as to whether a trust fund was established. Once a court has jurisdiction in a case, a party cannot unilaterally extinguish the other party's right to appeal. The policyholders cannot be deemed to have accepted reinsurance and waived their right to appeal in this case. Therefore, the policyholders still have standing to challenge the transfer of the SPP proceeds. The motion to dismiss is denied.
 II
The evidence fully supported the lower court's finding that no trust was established. In the Findings of Fact, Conclusions of Law and Final Judgment, the trial court stated the following:
 "Neither the policy, nor the resolution, nor the agreements with the two banks created a trust. There is absolutely no evidence which was presented to the Court which indicates that at the time the policy was issued National Union intended to create a trust or the policyholders were advised that the trust was being created for their benefit.
There is no trust unless an intention to create one is manifested. Restatement (Second) of Trusts § 23 (1959). The question of whether the intention has been manifested is a question of fact to be determined by the trier of facts in light of the evidence. The burden of proof is on the party seeking to establish the existence of the trust and that burden is to present clear and definite evidence, without reasonable doubt as to the existence of the trust. Rafield v. Johnson,294 Ala. 235, 314 So.2d 695 (1975).
The SPP policy simply provided that an amount from the premiums for the first five years be set aside for the payment of a dividend at the end of twenty years. The resolution merely stated the policy of the Board of Directors with respect to the contingency fund and the intention of National Union to create only a contractual obligation with policyholders who pay all their premiums and survive for twenty years, without reserving to them a beneficial interest in the fund. The agreement between National Union and First National Bank did not manifest any intention to create a trust fund but did show an intention to create a contractual obligation. The bank was an agent, not a trustee. Likewise the agreement between National Union and Union Bank was custodial and did not indicate a trust relationship. Thus, the policyholders failed to meet the clear and definite evidence burden. *Page 766 
Where the court has heard the evidence ore tenus, "every presumption will be indulged in favor of the trial court, and its finding and decree will not be disturbed unless plainly wrong." Smith v. Gill, 293 Ala. 736, 310 So.2d 214 (1975);Rafield v. Johnson, supra; Rule 52 of A.R.C.P. The findings of the lower court were not clearly erroneous and therefore must stand.
 III
The policyholders further contend that some of their exhibits establishing the existence of a trust were improperly ruled inadmissible as evidence. The trial court did not commit reversible error in ruling that some of the policyholders' exhibits were inadmissible because a proper predicate was not laid. Since neither the sender nor the receiver of the exhibits refused admission was present in court to lay the proper predicate and since the signatures of the alleged senders were not authenticated, the exhibits were inadmissible. See Carsonv. Employers Cas. Co., 51 Ala. App. 90, 282 So.2d 913, cert. denied, 291 Ala. 510, 282 So.2d 923 (1973); Am. Standard LifeIns. Co. v. Tolliver, 25 Ala. App. 363, 146 So. 625 (1933). The court did in fact admit numerous exhibits offered by the policyholders where the policyholders stated that they were the recipients of the proffered exhibits or of identical copies and that they were familiar with the signatures of the alleged senders and could identify the signatures as authentic.
The court properly sustained the objection to the policyholders' attempt to offer into evidence oral statements made in 1953 in conversations between one of the policyholders and the President and Board of Directors of National Union, as the statements were hearsay and inadmissible parol evidence as to the intention of the parties to create a trust or contingency fund.
The trial court did not commit reversible error by admitting into evidence, at Protective's request, the two bank custodial agreements, as they were relevant and material to the issue of whether the proceeds were in a trust or contingency fund. The trial court also correctly admitted into evidence the Treaty of Assumption and Bulk Reinsurance, as bearing on the issue of whether a trust was intended.
The lower court's evidential rulings were correct.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.