KENNEDY, Justice.
The plaintiffs — Shirley Brooks Cotton, A.B. Cotton, Eva Mae Cotton, William Cotton, Tolbert Elmore, and Edwin Maddox— appeal from a summary judgment entered in favor of the defendants, Bill Sasser and David Sightler. We reverse and remand.
The issue is whether the trial court, in entering summary judgment, correctly concluded that the evidence presented no genuine issue of material fact regarding whether the alleged settlors intended to create a trust, and that the evidence required a finding that there had been no such intent.
On May 2, 1980, Lillie Mae Atkins, Cloie Atkins, and Gracie Atkins (elderly unmarried sisters) executed a “deed” prepared by attorney James Mark Murphy. The instrument purported to convey in trust approximately 800 acres of land to the defendants, Sasser and Sightler, as co-trustees. The income from the trust was to be divided among the sisters for their maintenance and support, with the provision that upon the death of any one of the sisters her share of the income would be divided among the survivors. The instrument stated that the trust would terminate upon the death of the last surviving sister, with a provision that the principal and any income remaining be distributed in various stated shares to Bill Sasser, Edwin Maddox, Eva Mae Cotton, William Cotton, Byron Cotton, Ollie Cotton, and Minnie Elmore. These people are nephews or nieces of the Atkins sisters.
On October 4, 1982, the Atkins sisters, Sasser, and Sightler executed a warranty deed, prepared by Mr. Murphy’s law firm, purporting to convey approximately 200 acres of land, previously deeded to the Atkins Trust, to Bill Sasser and his wife, Juanita P. Sasser.
*270 After the death of Cloie Atkins in March 1985, Lillie Mae Atkins went back to see Mr. Murphy about taking the remaining property out of the trust. Mr. Murphy told her that it would be too expensive, and probably impossible, to do that. Thereafter, Lillie Mae Atkins asked co-trustees Sasser and Sightler to deed the property back to Gracie and her, which the co-trustees did.
In May 1987, the plaintiffs sued the co-trustees, alleging waste of the trust property and claiming a remainder interest under the terms of the trust instrument. The plaintiffs sought an accounting of the Atkins Trust assets and sought reimbursement to the trust for the fair market value of all waste and misappropriation of trust assets as a result of the 1982 conveyance.[1]
Sasser and Sightler moved for summary judgment, based on the pleadings, the affidavit and deposition of Lillie Mae Atkins, and their own joint affidavit. The plaintiffs filed a motion in opposition to the defendants’ motion for summary judgment, supported, inter alia, by the affidavit of plaintiffs A.B. Cotton and Tolbert Elmore.
The evidence before the trial court was as follows: Lillie Mae Atkins testified that she and her sisters did not understand the meaning of the trust transaction; that they thought they were doing something for their benefit, but that they were not; that Murphy did not tell them that Sasser and Sightler could not deed their land back to them if they became unhappy with “this trust thing”; that they did become unhappy with it; that Sasser and Sightler gave their land back to them; and that they did not owe the plaintiffs “one dime.” She further testified that she originally came to Mr. Murphy to discuss making a will and that the trust was Mr. Murphy’s idea. She stated that “[she] didn’t even know what a trust was,” and that if she had understood it she would never have had the land put in trust. Gracie Atkins did not testify.
Plaintiffs A.B. Cotton and Tolbert El-more testified that the plaintiffs sued to ensure that the real estate conveyed in the trust instrument would be used for the benefit of the Atkins sisters.
The trial court entered summary judgment for the defendants, without a formal opinion. The plaintiffs appeal.
The plaintiffs seem to argue that they have a vested estate in remainder in the property by virtue of the terms of the trust (see Code 1975, §§ 35-4-210(1) and -211) and that there are genuine issues of material fact concerning the alleged waste of the trust assets.
Sasser and Sightler argue, inter alia, that “there was never a true Atkins Trust” and that the instrument itself is a nullity if the Atkins sisters did not know what they were doing.
At the outset, we note that “[t]here is no trust unless an intent to create one is manifest.” Osborn v. Empire Life Ins. Co. of America, 342 So.2d 763, 765 (Ala.1977). After a review of the evidence that was before the trial court in this case, we must conclude that the trial court erred in entering summary judgment for the defendants. The execution of the trust instrument by the Atkins sisters was evidence sufficient to create a genuine issue of material fact that required the case to be submitted to the trier of fact. We hold that the question of whether the Atkins sisters intended to create a trust was an issue to be determined by the trier of fact; the evidence did not require a finding, as a matter of law, that there was no such intent. The defendants were not entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.
Accordingly, the judgment is due to be, and it is hereby, reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.

. Although it is not clear from the record and briefs of counsel, we shall assume that all of the plaintiffs have standing to bring this action, either as persons named in the trust or as heirs of such persons.